### WRIGHT v. BURRITT et al.

(*Supreme Court, General Term, Second Department.* February 8, 1892.)

CHANGE OF VENUE—RESIDENCE OF WITNESSES—STIPULATION AS TO TESTIMONY.

Where defendants are entitled to a change of venue to another county on the ground that the cause of action arose, and that the witnesses knowing the material facts of the case reside, there, it is error for the court to refuse their application, and provide as a substitute therefor a stipulation by plaintiff as to what those witnesses will prove.

Appeal from special term, Kings county.

Action by Charles L. Wright against Henry E. Burritt and another on a check drawn on defendants by the Rheubottom & Theall Manufacturing Company at Weedsport, Cayuga county, N. Y., where defendants, bankers, then resided. Plaintiff's contention was that a special deposit had been made to meet the check, and he expected to rely on the testimony of Homer E. Rheubottom to show that fact. Defendants expected to prove by residents of Cayuga county that Rheubottom was unworthy of belief, and moved for a change of venue to that county. The court denied the motion on condition that plaintiff should stipulate that defendants' Cayuga witnesses would testify that Rheubottom's character was bad, that he was unworthy of belief, etc. From the order denying such motion defendants appeal. Reversed.

Argued before BARNARD, P. J., and DYKMAN, J.

*Chester M. Elliott,* for appellants. *William E. Stewart,* for respondent.

DYKMAN, J. This is an appeal from an order denying a motion made by the defendants to change the place of trial from Kings county to the county of Cayuga upon condition that the plaintiff make a stipulation respecting the testimony of certain witnesses named by the defendant in the moving papers. The case is a Cayuga county case. The transactions out of which the cause of action arose were all there. All the persons who knew any of the material facts are naturally located there, and we think the moving papers made a case requiring the removal of the cause to that county. The court evidently hesitated over the denial of the motion absolutely, and required the plaintiff to stipulate that certain witnesses of the defendants would testify as the defendants stated they would in their moving papers. Such a stipulation, however, is a poor substitute for the actual presence and testimony of the witnesses before the jury, and the defendants might well hesitate to rely upon such a stipulation without producing the witnesses. We think the defendants are entitled to an opportunity to try the cause in the usual way, and to have the trial in the county of Cayuga. The order should be reversed, with $10 costs and disbursements, and the motion should be granted, with $10 costs to defendants to abide the event.