70   99
35ap541

FREDERICK CORDAS, Respondent, v. JAMES MORRISON and Others, Appellants.

*Motion for a change of venue — convenience of witnesses — admissions by the plaintiff made on condition that the motion be denied.*

In an action brought to recover damages for a personal injury alleged to have been received by the plaintiff "on or about" the 5th day of January, 1892, in the defendants' rolling mill in Cohoes, Albany county, through his falling into a hole alleged to have been negligently suffered by the defendants to remain unguarded, while the plaintiff was at the mill for a lawful purpose at the request of one of the defendants' foremen, the summons designated as the place of trial Ontario county, in which county the plaintiff resided at the time of commencing the action, having removed there from Cohoes after the alleged accident. All the allegations of the complaint were put in issue by the answer.

The defendants moved at Special Term to change the place of trial to Albany county, on the ground of the convenience of witnesses, and presented an affidavit which contained all the formal requisites necessary to obtain a change of venue. The plaintiff did not claim that any witnesses residing in Ontario county would be needed on his part except himself, but opposed the change on the ground of expense to himself and delay, and offered, if the motion was denied, to stipulate that the statements in the defendants' affidavit of what was expected to be testified to by the witnesses named therein were true. The

court denied the motion, on this condition, and the plaintiff gave the stipulation. The testimony stated in the defendants' affidavit was apparently such that if the plaintiff relied upon the fifth of January as the date of his injury his cause of action would be disproved.

*Held,* that undue importance was given by the Special Term to the plaintiff's stipulation; that if the plaintiff had an undisclosed purpose of fixing, at the trial, the time of the accident on some other day than the fifth of January, as he would probably have the right to do, it would be necessary for the defendants to have their witnesses present to meet such an emergency, and that since the convenience of witnesses would be promoted by a trial in Albany county, the motion for a change of venue should have been granted.

APPEAL by the defendants, James Morrison and others, from an order of the Supreme Court, made at the Ontario Special Term, and entered in the office of the clerk of that county on the 14th day of November, 1892, denying their motion to change the place of trial of the action from Ontario county to Albany county.

*Charles F. Doyle,* for the appellants.

*Spencer Gooding,* for the respondent.

LEWIS, J. :

This action was commenced on the 21st day of June, 1892, to recover damages for injuries which the plaintiff alleges in his complaint he sustained by falling into a hole in the rolling mill of the defendants in the city of Cohoes, Albany county, on or about the 5th day of January, 1892.

It is alleged in the complaint that the plaintiff went into the mill on said occasion at the request and suggestion of one of the foremen or managing workmen of the defendant in the daytime for a legal and proper purpose, and while so upon the premises he fell as aforesaid, and charges that the accident occurred and was caused by the carelessness and negligence of the defendants in allowing the hole to remain unprotected and unguarded.

All the allegations of the complaint were put in issue by the defendants' answer.

Ontario county was designated as the place for the trial of the action. The defendants moved upon the pleadings and the affidavit of E. N. Page for an order changing the place of trial from Ontario to Albany county for the convenience of witnesses. The affidavit

contained all the formal requisites required for a change of venue. Thirteen different witnesses were mentioned who would be necessary witnesses for the defendants upon the trial of the action, twelve of whom were residents of the city of Cohoes, county of Albany, and the other residing within two miles of that city in another county.

The affidavit fully stated what was expected to be proved by the different witnesses named, and among other things, that Joseph Ravenscroft and E. N. Page are the only foremen and managing workmen of the defendants and of their rolling mills, and that Andrew Benson is the only foreman of common, unskilled laborers around said rolling mill or employed therein, and that the plaintiff did not at the request or suggestion of either of said persons enter upon the premises of the defendants for any purpose whatever; that on the morning of January 4, 1892, the plaintiff came to the rolling mill of the defendants without invitation or suggestion and solicited work in the mill and that he was informed that they did not need help; that he then left the premises without meeting with any accident; that on the succeeding morning, January fifth, he called again and inquired of Ravenscroft for work and Ravenscroft replied that he had none, but said he would go with the plaintiff to Andrew Benson who had charge of the common, unskilled laborers and inquire if he needed any help, and that the plaintiff accompanied Ravenscroft to Benson in another part of the mill and was there informed by Benson that they needed no help, and that the plaintiff immediately thereafter went out of the mill, and did not receive any injury on that occasion. Three witnesses are mentioned who will testify that they heard the defendant say in a conversation in January, 1892, that he had received some slight injuries in defendant's mill, but that he was not asked or invited by any one to go in the mill or on the premises, and did not go there at the request or suggestion of any one of the foremen or managing workmen of defendants' mill; that he went there of his own free will and accord, and that he was there without leave, license or authority, and stated that the hole into which he fell was at or near the furnaces used for molting purposes by nine employees of the defendants. These employees are stated in the affidavit to be necessary witnesses to prove that they were at work for the defendants in the

mill on the 5th day of January, 1892, within a very few feet of the opening into which the plaintiff claimed to have fallen, and that if the plaintiff had fallen into the hole as claimed they would have seen it, and that it did not occur. The affidavit states that Joseph Ravenscroft and E. N. Page are the only foremen and managing workmen of the defendants, but fails to state who were the foremen and managing workmen in January, 1892, at the time of the alleged accident.

The plaintiff's affidavit was read in opposition to the motion; it stated that for twelve years prior to the 2d day of March, 1892, he had been continuously a resident of the city of Cohoes, Albany county; that on that day he removed to and became a resident of the village of Canandaigua, Ontario county, New York; that he is a poor man and has no means except what he earns at his daily labor by his trade, and that if the place of trial is changed to Albany county it would be almost impossible to bring his action to trial for the reason that he is informed and believes that the Circuit calendars of Albany county are large, and that the case would not probably be reached in that county for at least a year. The affidavit also stated " that if the trial of said cause is allowed to remain in Ontario county he is willing to stipulate that the facts which the defendant states in his affidavit, served with the notice of motion here, he expects to prove by the witnesses named therein are true. Said stipulation to be used on the trial of said action, and that said defendants need not produce in court any witnesses to prove said facts so stated."

The defendants' motion was denied upon the condition that the plaintiff give the stipulation referred to, and thereupon the plaintiff made the stipulation, reciting that a motion having been made to change the place of trial. " It is hereby stipulated on the part of the plaintiff that the facts which the defendant, E. N. Page, in his affidavit upon which said motion is founded, expects to prove by the witnesses named in said affidavit are true and will be admitted upon the trial of this action if the place of trial be retained in Ontario county."

If the accident happened on the 5th day of January, 1892, on the occasion when the plaintiff was at the works and met Joseph Ravenscroft, and he fell into the hole described in Page's affidavit, or if

the admissions mentioned in the affidavit as made by the plaintiff were a true recital of what happened at the time of the accident, in either case the plaintiff has no legal cause of action against the defendants and the trial must inevitably result in a dismissal of his complaint, and there is no justice or propriety in requiring the defendants to attend court at Canandaigua with their counsel to go through the formality of dismissing the complaint.

But if, on the other hand, the plaintiff has an undisclosed purpose of fixing the time and occasion of the accident on some other day than the fifth of January, as he would probably have the right to do, as it is alleged in his complaint that the accident happened on or about the 5th day of January, 1892; or, if he intends to claim that he was invited to enter the works by some other person than Joseph Ravenscroft, and on some other occasion, and intends to claim that the person who thus invited him was at the time of the accident a foreman or managing workman of the defendants, and that he fell into another or different hole than the one described in Page's affidavit, in either such case it would be necessary and important that the defendants should have their witnesses present at the trial to meet such an emergency. If the plaintiff intends, notwithstanding his stipulation, to bring his cause to trial, the defendants would not deem it safe to rely upon the stipulation as their only defense.

If, after making such broad and sweeping admissions, which apparently negative the existence of any claim upon his part against the defendants, the plaintiff still insists upon going to trial, he manifestly must rely upon some facts or theory not apparent to the defendants, and which we are not ourselves able to discern from the record. We think undue importance was given by the Special Term justice to the stipulation.

There is no pretense that any witnesses will be needed for the plaintiff residing in Ontario county except himself. The alleged cause of action arose in Albany county. The plaintiff had resided in that county to within about three months of the time of commencing his action.

If the trial of the action is to be had the convenience of witnesses will be promoted by its being tried in the county of Albany.

The order appealed from should be reversed, with ten dollars

FIFTH DEPARTMENT, JUNE TERM, 1893.        [Vol. 70.

costs and disbursements of the appeal, and the motion to change the place of trial from Ontario to Albany county, should be granted, with ten dollars costs of the motion to abide the event of the action.

DWIGHT, P. J., MACOMBER and HAIGHT, JJ., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and motion to change place of trial to Albany county granted, with ten dollars costs to abide the event of the action.