James M. Ingal, Respondent, *v.* Giles M. Stoddard, Appellant.

*Change of venue — when shown to be proper for the convenience of witnesses — requisite form of stipulation making admissions.*

Where it appears, upon a motion by the defendant in an action, to change the venue from the county of New York to the county of Tompkins for the convenience of witnesses, that the plaintiff's assignor and all of the defendant's witnesses reside in the latter county, and it does not appear that the plaintiff, or a single witness whom he desires to call upon the trial, resides in the county of New York, the place of trial should be changed to the county of Tompkins.

The plaintiff cannot avoid the change of venue by filing with the court a stipulation which does not admit *all* the facts which the defendant claims he can establish.

Where a party is entitled to a change of venue on the ground of the convenience of witnesses, it is error to deny the application because the opposing party stipulates that the witnesses named will testify upon the trial of the action to the facts claimed, as, in order to be effective, the stipulation must be to the effect that the facts sought to be established will be admitted upon the trial.

Appeal by the defendant, Giles M. Stoddard, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of October, 1898, denying the defendant's motion to change the venue of the action from the county of New York to the county of Tompkins.

*Franklin Pierce*, for the appellant.

*George B. Lester*, for the respondent.

McLAUGHLIN, J.:

This is an appeal from an order denying a motion to change the place of trial for the convenience of witnesses from the county of New York to the county of Tompkins. We think the motion should have been granted. The cause of action arose in Tompkins county, where the plaintiff's assignor and all of defendant's witnesses within this State reside. So far as appears from the papers used upon the motion, there is not a single witness which the plaintiff desires to call upon the trial residing in the county of New York. Indeed, it does not even appear that the plaintiff himself resides in that county. Under such circumstances, it being necessary for the defendant to call several witnesses to establish the defense alleged in his answer, we think the place of trial should have been changed to the county where the cause of action arose.

The respondent's attorney in the court below practically conceded that good cause was shown for a change of venue for the convenience of witnesses, but he sought to avoid the change by filing with the court a stipulation which, it is alleged, obviated the necessity of the defendant's calling the witnesses named by him. The stipulation is not that the plaintiff will admit upon the trial the facts which the defendant alleged he could establish by the witnesses named by him, and is, therefore, subject to criticism in that respect. But even according to it that effect, it is, nevertheless, defective, in that it does not purpose to include *all* the facts which the defendant claims he can establish. It does not admit (1) that the assignment referred to in the defendant's answer from Allen to Duckenfield was executed and delivered on the 18th of December, 1897; (2) that the assignment from Allen to Duckenfield was prior to the assignment referred to in the complaint from Allen to the plaintiff; or (3) that the assignment from Allen to the plaintiff was not made and executed at the time stated in the complaint, but a long time thereafter. The defendant's claim is that the money in question was paid to Duckenfield by virtue of an assignment from Allen to him prior to the time Allen assigned to the plaintiff. The date, therefore, of the execution and delivery of the assignments from Allen to Duckenfield and from Allen to plaintiff must of necessity be very material facts to be determined upon the trial.

Neither does the stipulation admit the facts sought to be estab-

lished by the impeaching witnesses named by the defendant. It is simply to the effect that were the witnesses specified " sitting as jurors and W. H. Allen sworn as a witness, they would not give him full credit, and that they know his reputation in the community for truth and veracity and it is bad." This falls far short of admitting the fact that his reputation in the community for truth and veracity is bad.

Where a defendant is entitled to a change of venue to another county on the ground that the cause of action there arose and that the witnesses knowing the material facts to be established there reside, it is error to deny the application because the opposing party stipulates that the witnesses named will testify upon the trial of the action to the facts claimed. To defeat such a motion the stipulation must go beyond this. It must be to the effect that the facts sought to be established by the witnesses will be admitted upon the trial. An admission that a witness will testify to a fact is of little or no value because the party could not safely go to trial without calling the witness, inasmuch as the correctness of his statement would be determined by the court and jury in no small degree from his appearance upon the stand and the manner in which he gave his testimony. (*Wright* v. *Burritt*, 17 N. Y. Supp. 645 ; *Cordas* v. *Morrison*, 70 Hun, 99.)

It appearing that the defendant's witnesses in this State reside in Tompkins county, where the cause of action arose, and that the stipulation offered does not cover all the facts which it will be.necessary for the defendant to establish upon the trial, and it not appearing that the plaintiff has any witness residing in the county of New York or that he himself resides there, we think the motion should have been granted.

The order of the Special Term should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs to abide the event of the action.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide event of action.