## INGAL v. STODDARD.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. CHANGE OF VENUE.

   It appearing that defendant's witnesses in the state reside in T. county, where the cause of action arose, and that the stipulation offered by plaintiff does not admit all the facts necessary for defendant to establish, and it not appearing that plaintiff resides, or has any witness residing, in N. county, motion to change the place of trial from the latter to the former county should be granted.

2. SAME—STIPULATION.

   Application to change place of trial to a county where the cause of action arose, and where the witnesses knowing the material facts reside, should not be denied on a stipulation that the witnesses will testify to the facts claimed, but the stipulation must be that the facts will be admitted on the trial.

Appeal from special term, New York county.

Action by James L. Ingal against Giles M. Stoddard. From an order denying motion to change venue from New York county to Tompkins county, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Franklin Pierce, for appellant.
George B. Lester, for respondent.

McLAUGHLIN, J. This is an appeal from an order denying a motion to change the place of trial, for the convenience of witnesses, from the county of New York to the county of Tompkins. We think the motion should have been granted. The cause of action arose in Tompkins county, where the plaintiff's assignor and all of defendant's witnesses within this state reside. So far as appears from the papers used upon the motion, there is not a single witness that the plaintiff desires to call upon the trial residing in the county of New York. Indeed, it does not even appear that the plaintiff himself resides in that county. Under such circumstances, it being necessary for the

defendant to call several witnesses to establish the defense alleged
in his answer, we think the place of trial should have been changed
to the county where the cause of action arose. The respondent's
attorney in the court below practically conceded that good cause was
shown for a change of venue for the convenience of witnesses; but
he sought to avoid the change by filing with the court a stipulation
which it is alleged obviated the necessity of the defendant's calling
the witnesses named by him. The stipulation is not that the plain-
tiff will admit upon the trial the facts which the defendant alleged he
could establish by the witnesses named by him, and is therefore subject
to criticism in that respect. But, even according to it that effect,
it is nevertheless defective, in that it does not purpose to include all
the facts which the defendant claims he can establish. It does not
admit (1) that the assignment referred to in the defendant's answer,
from Allen to Duckenfield, was executed and delivered on the 18th of
December, 1897; (2) that the assignment from Allen to Duckenfield
was prior to the assignment referred to in the complaint from Allen
to the plaintiff; or (3) that the assignment from Allen to the plain-
tiff was not made and executed at the time stated in the complaint,
but a long time thereafter. The defendant's claim is that the money
in question was paid to Duckenfield by virtue of an assignment from
Allen to him prior to the time Allen assigned to the plaintiff. The
date, therefore, of the execution and delivery of the assignments from
Allen to Duckenfield, and from Allen to plaintiff, must, of necessity,
be very material facts to be determined upon the trial.

Neither does the stipulation admit the facts sought to be estab-
lished by the impeaching witnesses named by the defendant. It is
simply to the effect that were the witnesses specified "sitting as jurors,
and Allen sworn as a witness, they would not give him full credit, and
that they know his reputation in the community for truth and ver-
acity, and it is bad." This falls far short of admitting the fact that
his reputation in the community for truth and veracity is bad.

Where a defendant is entitled to a change of venue to another county
on the ground that the cause of action there arose, and that the wit-
nesses knowing the material facts to be established there reside, it is
error to deny the application because the opposing party stipulates
that the witnesses named will testify upon the trial of the action to
the facts claimed. To defeat such a motion, the stipulation must
go beyond this. It must be to the effect that the facts sought to be
established by the witnesses will be admitted upon the trial. An
admission that a witness will testify to a fact is of little or no value,
because the party could not safely go to trial without calling the wit-
ness, inasmuch as the correctness of his statement would be determined
by the court and jury in no small degree from his appearance upon
the stand and the manner in which he gave his testimony. Wright
v. Burritt (Sup.) 17 N. Y. Supp. 645; Cordas v. Morrison, 70 Hun, 99,
23 N. Y. Supp. 1076.

It appearing that the defendant's witnesses in this state reside in
Tompkins county, where the cause of action arose, and that the stipu-
lation offered does not cover all the facts which it will be necessary
for the defendant to establish upon the trial, and it not appearing

that the plaintiff has any witness residing in the county of New York, ·or that he himself resides there, we think the motion should have .been granted.

The order of the special term should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide the event of the action.     All concur.