but has to be determined, through an exercise of sound discretion in each particular case, with regard to the sensibilities of the parties. I conclude that the action should be dismissed upon the pleadings, but the facts in evidence are instructive of the fallacy of the argument that any particular individual can have the best right to control the disposal of a corpse because of near relationship. Here the widow seeks some rule of law to approve her right as widow, merely, over the disposal of her husband's remains; and, if her standing as widow gave her the right, then her action would be maintainable, and the ultimate place of burial must needs be of her choosing. It appears, however, that the deceased did not live with her at the time of his death, nor had he for some nine years theretofore, and she had been in receipt of alimony from him pending an action instituted by her for a separation. There is no question that husband and wife were divided in life, and it was the expressed wish of the deceased that they be as fully divided in death; assuming the proof to be well received, in the face of the widow's further claim that evidence of the deceased's actual wishes was incompetent, under section 829 of the Code. The case of Foley v. Phelps, supra, proceeded upon the outraged feelings of a widow through the mutilation of her husband's corpse before burial, and when her right to its possession for burial had been asserted and recognized. If she was to have redress civilly, it must necessarily have been by action at law, since there was no case for equity under those circumstances. No authority for the maintenance of this action is afforded by that decision, and, as a matter of fact, the case cited did not even involve the question of the widow's legal right of possession, since no adverse right was asserted or to be inferred; but in the case at bar the right is at issue, having been disputed by the mere act of burial at the hands of the defendant Buchanan, and the question is one for equity, according to all precedent and all grounds of reason. Judgment for defendants upon the pleadings.

(28 Misc. Rep. 270.)

### BAGLEY v. MUTUAL RESERVE FUND ASS'N.

### O'BRIEN v. SAME.

(Supreme Court, Trial Term, New York County. June, 1899.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES—STIPULATION.

An application for a change of venue for the convenience of witnesses will not be granted when the issues to be tried have been referred to a referee by stipulation between the parties, with mandatory directions to take evidence in both counties, at the request of the party interested in having such testimony taken.

Actions by George A. Bagley and Denis O'Brien against the Mutual Reserve Fund Life Association. Motion by defendant to change place of trial from Jefferson county to New York county. Denied.

Elon R. Brown, for plaintiffs.
W. T. B. Milliken, for defendant.

RUSSELL, J. The defendant seeks to remove the place of trial in these actions from the county of Jefferson to the county of New

York, on the general ground of the convenience of witnesses and the promotion of the ends of justice. The plaintiffs, Bagley and Judge O'Brien, seek to reinstate certificates of membership of the association, declared forfeited on account of the nonpayment of assessments which the plaintiffs claim were grossly excessive, and beyond the limitations of the contracts by which the plaintiffs were insured. The board of directors of the defendant, under its constitution and by-laws, are said by the counsel for the defendant to have a discretionary power of making assessments upon members of the association to meet the requirements of the company in payment of policies and expenses of doing business, and that such a judgment as to exigencies and amounts is discretionary,—reviewable only by the power of the members to displace the directors at the annual meetings, and elect others who will more economically and efficiently administer the affairs of the association. If this position be correct, it is difficult to see how the court may investigate the action of the directors in determining the propriety of the various assessments made for many years, bimonthly or otherwise, and pronounce a judgment in these actions that the defendant shall continue to insure the plaintiffs at a rate which the court deems sufficient to meet the requirements of death losses and expenses. It is not, therefore, apparent upon this motion that the merits of the disbursements made by the defendant for years back are a proper subject of inquiry, in order to determine whether the plaintiffs have a cause of action. Hence a searching investigation into the books of the company, and the detailed statements of the directors and officers, as witnesses upon the trial, of the merits or demerits of enhanced assessments, do not seem to be required to any such extent as is indicated in the moving affidavits upon these motions. The plaintiffs rely upon the original contracts under which they claim the expense of maintaining their insurance was definitely fixed and limited. They claim the defendant had no right whatever to add to their assessments beyond the ratios originally established, and rest their right to recover upon that theory. The proof, therefore, would seem to be limited, upon the case as made by the plaintiffs, to an inquiry as to what the original contract was, and whether there had been a breach. I assume there will be very little controversy upon the terms of the original certificates, and the amounts of the subsequent assessments made. If the proof is so limited, the decision of the case becomes the solution of a simple question of law.

Were I satisfied that an investigation of the books of the company at the home office, and the examination of many of its officers, were essential, I should hold that it would be a great hardship to compel the defendant to try this case 300 miles away from the city of New York. I am also inclined to think that, even narrowing the evidence as stated, prima facie the defendant would be entitled to a change of place of trial, were it not for one other consideration. It is generally a serious burden for any party to a litigation to be compelled to await and attend a trial in a distant county, and courts should strive to lessen this burden as much as possible, and prevent its being thrown wholly upon the shoulders of one party or the other. The

situation in this case is very much relieved by the stipulation of the attorneys, referring the issues to be tried to one of two eminent lawyers of this state, with mandatory direction to take evidence in the counties of New York and of Jefferson, at the request of the party interested to have such testimony so locally taken. Thus, all of the plaintiffs' witnesses residing in Jefferson county can be there examined, and those of the defendant at the home office of the defendant, in New York City, where the books can be produced and used without even the burden of transferring them to the county court house in that city. A stipulation designed to relieve hardship and promote justice may be considered upon the hearing of motions like these. Ingal v. Stoddard, 35 App. Div. 539, 54 N. Y. Supp. 813. It is therefore a common-sense view of the situation to leave the parties with such an easy method of producing their evidence, to say nothing of the possible relief to the court. Motion denied, with costs of motion to the successful party to abide the event.

Motion denied, with costs to abide event.