Geneva Trust Company, Respondent, *v.* Boston and Maine Railroad, Appellant.

Third Department, May 6, 1925.

Trial — change of place of trial — action by assignee of consignor of grapes to recover from railroad for alleged conversion of grapes based on sale in Massachusetts by railroad after refusal of consignee to accept — action was originally brought in Seneca county in which neither party resided — place of trial was changed to Rensselaer county — plaintiff's motion to change place of trial from Rensselaer county to Ontario county on ground of convenience of witnesses should have been denied.

In an action by the assignee of the consignor of grapes to recover from a railroad for the alleged conversion of the grapes, which action is based on the sale of the grapes in Massachusetts by the railroad after the consignee had refused to accept them, the place of trial, which has been changed from Seneca county to Rensselaer county on the ground that neither party resided in Seneca county, should not be changed from Rensselaer county to Ontario county on motion by the plaintiff, on the ground of the convenience of witnesses, since it appears that the defendant has admitted all the facts, to which any of plaintiff's witnesses who reside in that section of the State will testify on the trial. The plaintiff failed to show any necessity for changing the place of trial on the ground of convenience of witnesses.

APPEAL by the defendant, Boston and Maine Railroad, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Rensselaer on the 22d day of May, 1923, granting plaintiff's motion to change the place of trial from the county of Rensselaer to the county of Ontario on the ground of convenience of witnesses.

*Jarvis P. O'Brien,* for the appellant.

*George F. Bodine,* for the respondent.

COCHRANE, P. J.:

Elmer G. Porter, a resident of Seneca county, sold three carloads of grapes to L. E. Fosgate & Company of Boston. They were delivered to an initial carrier and by it transferred to the defendant, which transported them to their destination. Bills of lading were issued indicating that the property was consigned to E. G. Porter

and that notification was to be given to L. E. Fosgate & Company and providing that the property should not be delivered except on surrender of the bills of lading properly indorsed. Mr. Porter indorsed the bills of lading, attached to them a draft on L. E. Fosgate & Company and negotiated the same to the plaintiff. L. E. Fosgate & Company refused to honor the draft or to accept the property, which being perishable was sold at auction by the defendant and the proceeds of the sale are by it held for the benefit of the party entitled thereto. The plaintiff brought this action in Seneca county for conversion of the grapes, claiming that neither it nor its assignor had notice of the sale. The defendant claims that Mr. Porter was duly notified. Whether such notice was given constitutes the issue to be tried aside from the question of damages. Neither party residing within the meaning of the law in Seneca county where the action was brought, the place of trial was for that reason changed to Rensselaer county, a proper county for the commencement of the action. The plaintiff subsequently, by the order under review, procured the place of trial to be changed to Ontario county for the convenience of witnesses.

The cause of action did not arise in Ontario county. The plaintiff has no witness residing there unless it be its vice-president. Witnesses for the defendant residing in Boston may for the purposes of this motion be disregarded. But the defendant has two witnesses residing in Rensselaer county. The plaintiff names twenty witnesses all residing in counties other than Ontario. But even if they were residents of the latter county this order cannot be sustained. By nineteen of these witnesses the plaintiff expects to prove the quantity and quality of the grapes and that they were in good condition when loaded in the cars. The defendant has by stipulation admitted all the facts to which any of these nineteen witnesses can testify. The stipulation covers the quantity as claimed by plaintiff and states that the property was of " good stock " and " in good condition when so delivered and placed in said car " and that they were " properly packed." Comparison of this stipulation with the plaintiff's affidavits shows convincingly that the plaintiff can gain no advantage by the production in court of any of these nineteen witnesses. There is a clear distinction between a stipulation admitting that witnesses will testify to certain facts and a stipulation admitting the facts themselves to which the witnesses will testify. (*Ingal* v. *Stoddard*, 35 App. Div. 539.) The present stipulation is of the latter nature. It states the facts as broadly as the plaintiff claims to be able to prove them. The only remaining witnesses of the plaintiff are its assignor, Mr. Porter, who resides in Seneca county, and possibly its vice-

president. If we disregard the two witnesses of the defendant residing in Rensselaer county because they are in the employ of the defendant, the fact still remains that the plaintiff has no witness residing in Ontario county, unless it be its vice-president who must be disregarded if the employees of the defendant residing in Rensselaer county are disregarded. The action was properly pending in the latter county and the burden, therefore, rested on the plaintiff to establish the propriety of changing the trial to another county, which burden the plaintiff has unsuccessfully carried.

The order should be reversed on the law and facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.