■    JUDITH JOHNSON, Respondent, v JOHN N. CAFARO, Defendant, and LUTHERAN MEDICAL CENTER, Appellant.—In a medical malpractice action, the Lutheran Medical Center appeals from an order of the Supreme Court, Kings County, dated March 10, 1976, which granted its motion to dismiss the complaint for lack of prosecution unless plaintiff filed a statement of readiness and note of issue by a date certain. Order affirmed, without costs or disbursements. On the facts of this case, it was a proper exercise of discretion for Special Term to have granted the motion to dismiss for failure to prosecute only if plaintiff failed to file a statement of readiness and note of issue by a date certain (see *Moran v Rynar,* 39 AD2d 718). Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

■    JOSEPH C. JONES, Petitioner, v LONG ISLAND RAILROAD COMPANY et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated May 16, 1975, which affirmed an order of the State Division of Human Rights, dated January 13, 1975, dismissing petitioner's complaint for lack of probable cause. Order confirmed and petition dismissed, without costs or disbursements, and without prejudice to petitioner's institution of further proceedings before the State Division of Human Rights, if he be so advised. The complaint was properly dismissed as being without merit (see *State Div. of Human Rights v Xerox Corp.,* 49 AD2d 21; *Matter of New York Tel. Co. v Wethers,* 36 AD2d 541, affd 30 NY2d 791). Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

■    PAUL KARASSIK, Doing Business as SPRING VALLEY MONUMENT COMPANY, Respondent, v ANNA BERESKIN, Appellant. In an action *inter alia* for goods sold and delivered, defendant appeals from an order of the Supreme Court, Rockland County, entered March 16, 1976, which denied her motion for a change of venue from Rockland County to Oneida County. Order affirmed, without costs or disbursements. The order appealed from constituted a proper exercise of discretion. Latham, Cohalan and Hawkins, JJ., concur; Gulotta, P. J., and Hopkins, J., dissent and vote to reverse the order and grant the motion, with the following memorandum: Special Term failed to give sufficient weight to defendant's physical disability (see *Kiamesha Concord v Greenman,* 29 AD2d 904; *Goldman v Isgood Stottville Realty Corp.,* 14 AD2d 759; Foley v Phelps, 257 App Div 896) and gave excessive weight to the convenience of plaintiff's nonresident witnesses (see *Taller & Cooper v Rand,* 286 App Div 1096; *Geneva Trust Co. v Boston & Maine R. R.,* 212 App Div 695).