# NANNIE L. McPIKE
## v.
# HENRY G. McPIKE.

1. CHANGE OF VENUE—DIVORCE—PETITION TO REDUCE ALIMONY.—The word " suit " applies to any proceeding in a court of justice in which the plaintiff pursues in such court the remedy which the law affords him.   So a petition filed after a decree of divorce to reduce the alimony formerly allowed, is a suit within the statute relating to change of venue, and the defendant in such petition is entitled, upon a proper showing, to a change of venue.

2. OBJECTION THAT COURT CAN NOT ORDER REMOVAL OF RECORDS TO ANOTHER COURT.—There is no force in the objection that this proceeding being merely an adjunct of the divorce, there will be nothing upon which another court, if the venue is changed, can base its action, as there is no authority to remove the records in the divorce suit.   If any such records were needed to be used as evidence, the statute provides for transcripts in cases of change of venue.

APPEAL from the City Court of Alton; the Hon. A. H. GAMBRILL, Judge, presiding.   Opinion filed April 14, 1882.

Messrs. HAPPY & TRAVOUS, for appellant; that this is a suit within the meaning of the statute relating to change of venue, cited Hewitt v. Long, 76 Ill. 399; Reavis v. Reavis, 1 Scam. 244.

Messrs. WISE & DAVIS, for appellee.

CASEY, P. J,   At the February term, 1878, of the City Court of Alton, appellant obtained a decree for a divorce against appellee, for the custody of their child and for the sum of three hundred dollars alimony, to be paid semi-annually for the support of the mother and child.   At the September term 1880, of said court, upon the petition of appellee, the decree was modified and changed as to the custody of the child.   At the August term of said court, 1881, appellee filed another petition praying for a reduction of the alimony and that he might be awarded the entire custody and control of the child.   The cause came on for hearing at the September term of said court, 1881,

McPike v. McPike.

when appellant filed her petition for a change of venue, because of the prejudice in the mind of the judge of said court. The petition for a change of venue was refused, the cause heard, and the alimony reduced to the sum of two hundred dollars per annum, and the entire custody of the child awarded to appellee. From this decree appellant prayed an appeal to this court, which was allowed.

The first error assigned is that the court erred in refusing to grant appellant's petition for a change of venue. It is not contended but what the notice and petition for a change of venue is in exact compliance with the terms of the statute, but it is insisted that this is not "a suit or proceeding in law or equity;" that a petition for a change of venue can not be entertained, and that is the question for consideration. The second definition of the term "suit" given by Webster is, "the act of suing; the process by which one endeavors to gain an end or object; attempt to attain a certain result." Usually the words "suits" and "actions" are held as synonymous terms, although the term "suit" is of more general meaning, and is indefinitely applied to proceedings in law as well as equity, while the word "action" is applicable to proceedings at law. In this State it has been held that the term "suit" is more properly applied to proceedings in chancery. The definition of the word "suit" given by Blackstone, is the lawful demand of one's right; or as Bracton and Fleta express it in the words of Justinian, "*Jus prosequandi in judicia quod alicui debetur.*" Blackstone further states that the forms of these actions (he treats the terms "suits" and "actions" as synonymous) were originally preserved in the books of the pontifical college as choice and inestimable secrets, until one Cneius Flavius, the Secretary of Appius Claudius, stole a copy and published them to the people. The concealment was ridiculous, but the establishment of some standard was undoubtedly necessary to fix the true state of a question of right, lest in a long and arbitrary process, it might be shifted continually, and be at length no longer discernible.

The word "suit" applies to any proceeding in a court of justice in which the plaintiff pursues, in such court, the remedy

which the law affords him for the redress of an injury or the recovery of a right. Bouvier's Institutes, Vol. 3, 128; Stephens on Pleading, 427. A civil action is one prosecuted for the establishment or recovery of a right, or the prevention of a wrong, or the redress of an injury. Waite's Actions and Defenses, Vol. 1, page 10. From these authorities we think that we may very safely assume that this is a "suit or proceeding in law or equity." It is a proceeding expressly provided for by the statute, and grows out of the proceedings had before that time; still it is for the purpose of redressing a supposed injury, or for the establishment of an alleged right.

The Supreme Court of this State have quite frequently entertained appeals from the judgments of the circuit courts in cases of this character, thereby treating the petition as an independent action; and if an appeal would lie, it is difficult to see why a petition for a change of venue should not be entertained. It is insisted by the learned counsel for appellee that the petition for a change of venue ought not to be allowed, because the court to which the venue should be changed would have no evidence that there was an original decree, of which the proceeding was a mere adjunct, and that there is no law for a removal of the records upon a change of venue, etc. We do not see the force of this objection. In this case the only controverted points were, whether the alimony should be reduced, and whether the entire custody of the child should be awarded to appellee. Even if matters of record were desired, or required to be introduced in evidence, the law points out the method by which it may be done, and the statute provides for transcripts in cases of a change of venue.

As we have said, the proceeding grows out of the suit for a divorce, and the decree therein rendered; yet it is none the less the demand of a right expressly awarded and given by the statute. It is a supplemental question, and we have no doubt but what appellant had a right to have that question determined by a judge who was not, as she believed, prejudiced against her. In civil cases, the granting of a change of venue is not discretionary. It is an absolute right, given the party making the application, if the papers are in compliance with

the provisions of the statute. We do not deem it necessary to discuss other questions that are raised by the assignment of errors. For the foregoing reasons the judgment of the court below is reversed and the cause remanded with instructions to change the venue in said cause as provided by law.

Reversed and remanded.