[L. A. No. 5424. In Bank.—January 25, 1918.]

WILLIAM WESSEL, Petitioner, v. SUPERIOR COURT OF IMPERIAL COUNTY et al., Respondents.

PROHIBITION—PLACE OF TRIAL—TRANSFER TO ANOTHER COUNTY—COL-
    LATERAL ATTACK.—An attempt by prohibition to restrain a superior court from proceeding further with an action transferred to it by order of a superior court from another county, is a collateral attack on an order of a court of general jurisdiction.

ID.—DISQUALIFICATION OF JUDGE—JURISDICTION TO TRANSFER CAUSE
    WITHOUT MOTION.—A judge who is disqualified to act in a cause may transfer it without application from either party.

ID.—TRANSFER OF CAUSE—COLLATERAL ATTACK—PRESUMPTION.—On a
    collateral attack by prohibition proceedings on an order of a superior court transferring a cause for trial from Los Angeles County to Imperial County it must be conclusively assumed that all the facts essential to authority to make the order existed, unless the order on its face showed the contrary.

ID.—DISQUALIFICATION OF JUDGE—TRANSFER BY STIPULATION.—In such
    case it is immaterial that the cause was originally transferred, by stipulation to the transferring county from the county to which it was retransferred by the order complained of, the stipulation not being a waiver of any disqualification of any judge or judges.

APPLICATION for Writ of Prohibition directed to the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Leo V. Youngworth, Frank P. Doherty, and Percy V. Hammon, for Petitioner.

Galen Nichols, and H. N. Dyke, for Respondents.

ANGELLOTTI, C. J.—Plaintiff made application to the district court of appeal of the second appellate district for a writ of prohibition restraining defendants from proceeding further in the action of said Wessel against Waite et al., instituted in the superior court of Imperial County on or about June 27, 1917, on the ground that said court was without jurisdiction of said cause. An alternative writ of prohibition was issued, and a return being made, the matter was heard by the district court of appeal. The justices of that court were unable to agree upon a judgment, and the proceeding was transferred to this court.

The action of Wessel v. Waite et al., which was one to prevent the enforcement of what was substantially alleged to be an invalid ordinance of the city of Imperial, was commenced in the superior court of Imperial County. We shall assume that it was transferred, under stipulation of the parties, to the superior court of Los Angeles County, although it must be confessed that the proceedings looking to that end were somewhat informal. The superior court of Los Angeles County assumed jurisdiction, passed upon the demurrer to the complaint and issued a temporary injunction restraining the enforcement of the ordinance. Subsequently, as its minutes for August 27, 1917, show, it allowed a motion for judgment on the pleadings to be withdrawn, and denied a motion to vacate the injunction. The minutes then proceed as follows: "Thereupon the court, of its own motion, with the consent of the defendants and over the objection of the plaintiff, ordered the cause herein transferred from this court to the superior court of Imperial County, California, for further proceedings." It is on this order of transfer that defendants base their claim of present jurisdiction of the action. Plaintiff claims that this order is a nullity, with the result that the action is still pending in the superior court of Los Angeles County.

The attack thus made by plaintiff on the order of transfer is a collateral attack on an order of a court of general juris-

diction. Unless, therefore, the order is void on the face of the record, it is clear that, in view of well-settled principles, it must be held, in so far at least as this proceeding is concerned, to fully vest jurisdiction of the cause in the superior court of Imperial County. That the order cannot be held void on its face is, we think, settled by decisions made by this court.

Of course, it is not disputed that the superior court may lawfully make such an order in a proper case. Ordinarily, unless there be a stipulation of the parties, an application of one of the parties, based on some ground prescribed by statute, is essential. Section 397 of the Code of Civil Procedure prescribes the grounds on which such an application may be based. Where such an application is made by a party and granted by the court, the order granting it is not a nullity, no matter how defective was the showing of the applicant. This was decided many years ago in *People ex rel. Meminger* v. *Sexton,* 24 Cal. 78, a *mandamus* proceeding to compel the judge to proceed with the trial of a cause, notwithstanding an order transferring the cause to another county. As here, it was claimed that the order was a nullity. In the well-considered opinion, it was conceded, for the purposes of the decision, that the affidavit filed in support of the application for a change of place of trial did not show any sufficient cause, as indeed was held by the judge in passing on the application, and it was said that it does not result that the court had not the power to grant the change. The court said: "In making the order changing the venue, the court acted judicially upon a matter within its cognizance. By this order, the place of trial of the action became changed from Butte to Yuba County. If thereby error intervened, to the petitioner's injury, it cannot be corrected by means of the writ of *mandamus.*" It was further said that if the court should grant the writ, it would be in effect a reversal of the order, or the expunging of the order, as a judicial proceeding, from the records where it is entered, which, for the reasons stated, the court could not do, and also that the remedy of the aggrieved party on account of any error was by appeal from the final judgment. Our law now gives the remedy in an appeal from the order.

The order here involved does show that it was not made on the application of either party, but was made over the objec-

tion of plaintiff and by the court "on its own motion." But we think it is clear that a judge who is disqualified to act in a cause may transfer it without application from either party. The decision in *Broder* v. *Conklin*, 98 Cal. 360, [33 Pac. 211], is in point, and absolutely controlling here. On appeal from an order made by the superior court of Mono County, the court to which the action had been transferred by the superior court of Inyo County, the judge of Inyo County deeming himself disqualified, it was sought to question the validity of the order of transfer. This court, in Bank, said: "Upon this appeal the regularity of the proceedings in transferring the cause to Mono County cannot be considered. *If any condition of facts could exist under which the transfer would be authorized,* the action of the court in making the transfer will be upheld whenever collaterally attacked. Section 170 of the Code of Civil Procedure prohibits a judge from sitting or acting in any action in which he may be disqualified, except that he may transfer the action to some other court; and section 398 of the same code provides that, if an action is 'pending' in a court, and the judge thereof is disqualified from acting, it must be transferred to the nearest court where the like objection does not exist. We may assume upon this appeal, not only that the judge of Inyo County was disqualified from acting in the cause, but also that the superior court of Mono County was the nearest court in which the like objection did not exist. If for any reason the order of transfer was erroneous, it could have been reviewed by a direct appeal therefrom." (The italics are ours.) In principle there is no distinction whatever between that case and the one at bar. Section 398 of the Code of Civil Procedure now provides that in such a case, in the absence of a stipulation of the parties as to the court to which the transfer shall be made, it shall be "to the nearest or most accessible court, where the like objection or cause for making the order does not exist."

We have in mind the requirement that the action must not be transferred from the superior court of any county on the ground of disqualification of the judge unless *all* of the judges thereof are deemed disqualified. (Code Civ. Proc., subd. 4, sec. 170; Code Civ. Proc., subd. 4, sec. 397; *Petition of Los Angeles Trust Co.,* 158 Cal. 603, [112 Pac. 56].) But, in view of what has been said, we must assume that such was

the condition as it was made to appear to the Los Angeles superior court, and that the superior court of Imperial County was the nearest or most accessible court where a like objection did not exist. It may be conceded that all this appears very improbable in point of fact, but it is a condition of facts that *could* exist consistently with anything stated in the order, and on any collateral attack on the order must be conclusively assumed to have existed. If the Los Angeles County superior court erred in making the order, plaintiff had a plain, speedy, and adequate remedy by appeal therefrom.

Some reliance appears to be placed by plaintiff on the fact that on the original transfer from Imperial County to Los Angeles County on stipulation of the parties, it was stipulated that jurisdiction of the action be given to the superior court of Los Angeles County. Manifestly the stipulation filed was not a waiver of any disqualification of any judge or judges. (Code Civ. Proc., subd. 2, sec. 170.) Regardless of this, however, it is plain from what we have said that it is not available for any purpose on a collateral attack on the order of transfer.

The alternative writ of prohibition is discharged and the proceeding dismissed.

Victor E. Shaw, J., *pro tem.,* Sloss, J., Shaw, J., and Melvin, J., concurred.

Rehearing denied.