[Civ. No. 3961.   Third Appellate District.—December 11, 1929.]

GENEVA M. BOGARDUS, Appellant, v. RUSSELL B. BOGARDUS, Respondent.

S. C. Schaefer and E. H. Woodard for Appellant,

Mose Katzev and Paul Friedman for Respondent.

PLUMMER, J.—This cause is before us upon an appeal by the plaintiff from certain orders of the court relative to the custody of Russell Bogardus, Jr., the issue of the marriage between plaintiff and defendant. The record shows that at the time of the beginning of the action above named, in 1924, Russell Bogardus, Jr., was of the age of twenty-one months. The action above named was for a decree of divorce, adjustment of community property rights and the awarding of the custody of the minor child above named. In April, 1925, an interlocutory decree of divorce was entered in said cause and the custody of said minor child awarded to the plaintiff. Thereafter, and on the twenty-fourth day of May, 1926, a final decree of divorce was entered in said cause. The final decree of divorce likewise awarded the custody of said minor child to the plaintiff, making no mention whatever as to the right or privilege of the defendant to see or visit said minor child. In May, 1927, the defendant herein filed a notice of motion and affidavit in the said cause praying that the decree of divorce heretofore referred to be amended so as to permit the defendant to visit said minor at certain specified times. This motion was contested by the plaintiff, and after hearing the said motion, the court made an order specifying that the defendant might visit said child and might take said child to his home, being the home of the grandparents of said child, from 5 o'clock in the evening preceding the day when the defendant would be off duty, to 7 o'clock of the following day, the affidavit of the defendant showing that he was employed as a deputy sheriff of the county of Los Angeles, and the time when he was off duty was subject to the orders he might receive from the under-sheriff of said county. After the making of this order the plaintiff moved that the order be vacated and set aside, following which the court made an order to the effect that the defendant might see the child at the home of the plaintiff when the defendant was off duty, but only during the daylight hours, and not

more than once each week, and that the defendant might take the minor child to the home of his parents during the daylight hours, not more than once each week, and further, that said child should not be removed from the county of Los Angeles without the permission of the court. From these orders the plaintiff appeals.

The only ground for appeal is that the affidavit of the defendant shows no changed circumstances after the entry of the final decree of divorce, and that the court had no jurisdiction to make any order modifying the final decree of divorce relative to the custody of the child or the right of the defendant to see or visit said child, unless based upon changed circumstances and conditions which did not exist at the date of the entry of the final decree. Section 138 of the Civil Code contains no such requirement. The court is specifically authorized to make such change relative to the custody of minor children as may seem necessary or proper at any time, and may modify or vacate the same. There is no contention made that it was not proper for the court to make an order permitting the defendant to see the minor child and take the said child, during the daylight hours, to the home of its grandparents. At the time of the beginning of the action Russell Bogardus, Jr., was only twenty-one months old, and during his period of infancy, the exclusive care, custody and control of the minor may be said to be very properly vested in the mother, but as the child grew older and time elapsed, the circumstances of themselves would necessarily be so changed by reason of the advancing age of the child, as to warrant the court in permitting the defendant to visit the child during daylight hours and to take him to the home of his grandparents during such hours. There seems to be no contention between counsel for appellant and counsel for respondent that orders affecting the custody of minor children should not be changed by the court unless based upon changed conditions and circumstances. While the section of the code makes no such provision, the decisions of the courts having to do with such questions generally adopt the rule that such modifications or alterations of the orders relative to the custody of children should not be made unless based upon testimony showing changed circumstances or conditions. These decisions, however, are not uniform in holding that the court has

no jurisdiction to make such change unless the affidavits show changed conditions. They do not deny the power of the court to make such modification of its orders relative to the custody of children as may seem proper.

We do not think that if an improper order relative to the custody of children has been made by a trial court, that the court has no power thereafter to modify and correct the same and enter such order as it should properly make.

There can be no question that under ordinary circumstances where the court has failed to permit one of the parents the right to see a minor child, that it is proper to modify the order so as to permit such parent to see the child. Only very aggravating circumstances and conditions would warrant a court in denying such privilege, and whether such conditions exist is primarily a question for the trial court to determine, and unless it is shown that the trial court has abused its discretion in this particular, appellate courts, we think, should not interfere. The affidavit of the defendant in this case does not show circumstances and conditions which did not exist at the time of the trial of the action, to wit, the increased age of the minor child; the effort, on the part of the plaintiff, to prevent affiant from visiting his child; the sending of the child away on days when the defendant was off duty, and the taking of the child from the county of Los Angeles.

In the case of *Moore* v. *Superior Court*, (Cal. App.) 255 Pac. 852, we find this statement: ''In divorce, the statute expressly provides that a decree for the custody and maintenance of minors may be modified or vacated at any time as may seem necessary or proper. The propriety of modification in this particular, as well as the extent thereof, because of a change in the circumstances of the parties, rests largely in the discretion of the trial court. A decree need not reserve this right of modification.'' A hearing in this case was granted by the Supreme Court, and the opinion is reported in 203 Cal. 238 [263 Pac. 1009], but the same result was arrived at as was reached in the District Court of Appeal, and what we have quoted from the decision of the appellate court was not modified.

Being of the opinion that the trial court had jurisdiction of this cause by reason of section 138 of the Civil Code to modify its orders relative to the custody of the

minor child, and nothing appearing to show any abuse of discretion on the part of the trial court, and the orders made permitting the father to visit the child, who is now seven years of age, being in accordance with natural justice, and eminently proper, the orders appealed from are affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.