[S. F. No. 13373. In Bank.—October 27, 1930.]

DAISY BARRETT, Respondent, v. CHARLES S. BARRETT, Appellant.

Knight, Boland & Christin and John H. Riordan for Appellant.

Abraham M. Dresow for Respondent.

WASTE, C. J.—Plaintiff filed a complaint for divorce against the defendant, who subsequently answered and cross-complained for an annulment. A judgment annulling and setting aside the marriage contract and awarding the custody of the minor child of the parties to the defendant was

entered March 8, 1927. No appeal was taken therefrom, and no motion for a new trial or to set aside the judgment was ever made. However, on April 24, 1928, more than one year after the entry of the judgment, the plaintiff moved the trial court for an order modifying the decree of annulment and awarding the custody of the child to her. Over the defendant's written and oral objection that it was without jurisdiction to entertain such a motion, the court modified that portion of the decree of annulment relative to the custody of the child, and awarded it to the plaintiff, with directions to the defendant to pay twenty dollars a month for the support of the child. From the order of modification the defendant prosecutes this appeal.

In support of the trial court's action the respondent points to section 138 of the Civil Code, which reads: "In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same.'' Appellant contends that this section by its terms has application solely to "actions for divorce," and that in the absence of a reservation in the decree of a right to modify the same, or of a statute giving such right, a trial court is powerless to change the custody of minor children awarded under a decree of annulment, after such decree has become final.

The annulment of a marriage does not affect the legitimacy of children conceived or born before the judgment (Civ. Code, sec. 84), and we cannot bring ourselves to the conclusion, suggested by the appellant's contention, that the legislature intended that the custody of the children of an annulled marriage should be governed by a rule other or different than the rule applicable to the custody of children in "actions for divorce." Section 138, *supra,* is a part of article IV of chapter II, title I, part III, of the Civil Code (secs. 136–148), an article entitled "General Provisions." Chapter II is entitled "Divorce," and contains four articles, article I (secs. 82–86) being entitled "Nullity," and embracing the provisions stating the causes for annulment and providing for the proceedings to obtain such relief; arti-

cle II (secs. 90–107) being entitled "Dissolution of Marriage," and providing for ordinary divorce proceedings; article III (secs. 111–132) being entitled "Causes for Denying Divorce," and article IV, as already stated, being entitled "General Provisions." It may reasonably be held that the term "Divorce," constituting the title of chapter II, was intended to include annulment proceedings as well as divorce proceedings, and it may therefore well be argued that such provisions in the subdivision entitled "General Provisions," of which section 138 is one, as are appropriate in actions for annulment are applicable thereto. Such was the suggestion made by this court in the case of *Dunphy* v. *Dunphy*, 161 Cal. 87, 92, 93 [118 Pac. 445]. The case of *Millar* v. *Millar*, 175 Cal. 797, 808, 809 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394], relied on by the appellant, contains nothing that is opposed to this conclusion, for that case was not concerned with any of the "General Provisions" of article IV, but, rather, with a provision of article III which, by its very language, could have application only to divorce proceedings as distinguished from annulment proceedings. Nor does the case of *Coats* v. *Coats*, 160 Cal. 671 [118 Pac. 441], holding, in effect, that section 146 of the Civil Code is without application to annulment proceedings, present any difficulty, for that section, though one of the "General Provisions" of article IV, was clearly inappropriate to an annulment proceeding, and could have application only to a divorce action. Section 138, however, providing for the custody and support of minor children, is appropriate and may be applied as well to annulment proceedings as to divorce actions, and the legislative intention undoubtedly was that it should have such application, for not until the year 1929 did the legislature provide by separate and independent enactment for the custody and maintenance of minor children affected by annulment proceedings. In that year, and for the purpose of setting at rest this very question, the legislature amended section 84 of the Civil Code (Stats. 1929, p. 738) to read as follows: "A judgment of nullity of marriage does not affect the legitimacy of children conceived or born before the judgment, and the court may during the pendency of the action, or at the time judgment is rendered or at any time thereafter make such order for the custody, care, education,

maintenance and support of such children during their minority as may seem necessary or proper; except that the court must award the custody of the children of a marriage annulled on the ground of fraud or force to the innocent parent.''

It is only reasonable to conclude that prior to the 1929 amendment of section 84 of the Civil Code it was the legislative intention that in so far as the custody of minor children was concerned section 138, *supra,* should govern both annulment and divorce proceedings. Any other conclusion would result in an unwarranted distinction and discrimination. No injustice results from this conclusion, for statutes conferring jurisdiction on courts to award the custody of children do not confer a new authority or jurisdiction upon them, but merely recognize their original or inherent jurisdiction in the premises. (9 R. C. L. 472, sec. 286; *Cowls* v. *Cowls,* 3 Gilm. (Ill.) 435 [44 Am. Dec. 708, 711]; *Hartmann* v. *Hartmann,* 59 Ill. 103, 104.) In the exercise of their general chancery powers, courts of equity, even in the absence of statute, have always been held to be invested with power to award and control the custody of infant children of parties in a suit for dissolution of marriage. (*Decker* v. *Decker,* 176 Ala. 299 [58 South. 195].) The welfare of the children is always of paramount interest and importance and their custody must of necessity remain subject to the control of the court. In the exercise of this jurisdiction the trial court is invested with a very large measure of power and discretion and its conclusion will not be disturbed on appeal unless it clearly appears that its discretion has been abused. Examination of the record now before us fails to disclose such an abuse of discretion.

The order appealed from is affirmed.

Curtis, J., Preston, J., Richards, J., Seawell, J., Shenk, J., and Langdon, J., concurred.