[Civ. No. 4236. Third Appellate District.—January 16, 1931.]

GRACE L. BALDWIN, Appellant, v. PERCY L. BALD-WIN, Respondent.

Andreani & Haines for Appellant.

Tanner, Odell & Taft for Respondent.

MR. JUSTICE Pro Tem. JAMISON Delivered the Opinion of the Court.—On December 10, 1925, an interlocutory decree of divorce was granted appellant against respondent and she was awarded the custody of their two minor children, Robert and Owen Baldwin, the respondent being required to pay appellant $17.50 per week for their support. This divorce was made final on December 18, 1926, and in November, 1927, appellant married one Sidney Garcia. Thereafter, in January, 1928, respondent filed a motion to modify said decree by reducing said allowance for the support of said minors to $10 per week and also a motion to modify said decree by changing the order therein awarding the custody of said minors to appellant and substituting therefor an order awarding their custody to respondent. On the twenty-sixth day of January, 1928, by stipulation of the parties made in open court, Mary A. Maxwell was appointed referee to take testimony regarding the custody of said minors with direction to submit findings of fact and recommendation to the court concerning the custody of said minors.

On February 23, 1928, the said referee filed her report and stated therein that since the marriage of appellant to Garcia in 1927, conditions surrounding the minors had materially changed for the worse, that the home was congested, the food supplied them was insufficient, their clothing neglected and the minors generally uncared for, that the defendant resides with his mother, the grandmother of these minors, and that this home is entirely suitable for the residence of said minors. The referee recommended that the care, custody and control of the minors be given to respondent, their father, Percy L. Baldwin. The said Robert Baldwin is now of the age of ten years and Owen Baldwin is now of the age of eight years.

On March 1, 1928, when the report of the referee came on for consideration before the court, appellant requested leave to file a supplemental affidavit, which was granted and the matter continued to March 9, 1928. The appellant filed her supplemental affidavit and respondent filed a counter-affidavit, and on March 8, 1928, the court made an order modifying the decree by giving the custody of said

minors to respondent, and from this order the appellant prosecutes this appeal.

■ Appellant's only contentions are that the evidence does not support the order and that the best interests of said minors will be served by leaving them with appellant.

The bill of exceptions does not contain the evidence taken before the referee and as the affidavit of appellant contained in the bill of exceptions is controverted by the counter-affidavit of respondent, we find no merit in appellant's contention that the order is not supported by the evidence.

■ The court retains full jurisdiction to modify its decree where such modification is rendered expedient because of circumstances arising since the rendition of the decree which vitally affect the welfare of the children. (*Swensen* v. *Swensen,* 101 Cal. App. 440 [281 Pac. 674]; *Wood* v. *Wood,* 103 Cal. App. 790 [285 Pac. 323]; *Olson* v. *Olson,* 95 Cal. App. 594 [272 Pac. 1113].)

■ In passing upon a contest between divorced parents for the custody of minor children the interest of the children is the paramount question to be considered. (*Olson* v. *Olson, supra.*) The trial court has a wide discretion in awarding the custody of children and unless it clearly appears that this discretion has been abused, its decision cannot be altered by the appellate court. (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 Pac. 582]; *Cammack* v. *Cammack,* 205 Cal. 674 [272 Pac. 288]; *Brown* v. *Brown,* 92 Cal. App. 276 [268 Pac. 401].)

We fail to find in the record any evidence of abuse of discretion by the trial court in awarding to defendant the custody of said minor children, nor has appellant pointed to anything therein which tends to support such contention.

The order is affirmed.