[Civ. No. 1914.  Fourth Appellate District.—July 6, 1936.]

AILEEN MARTS, Respondent, v. JOHN W. MARTS, Jr., Appellant.

Loucks & Phister for Appellant.

Wilbert C. Hamilton for Respondent.

TURRENTINE, J., *pro tem.*—Plaintiff and defendant had two minor children, and in 1929, while the parties and their children were residents of and actually in California, plaintiff sued defendant for divorce.  Defendant cross-complained and was given the divorce and custody of the children, the decree providing that he should not take the children out of California.  Thereafter, the decree was modified allowing him to take them out of California, whereon he took them to Washington and thereafter to New Jersey, where the children are now residing with an aunt.  Plaintiff, who is a resident of California, filed an application to modify the decree as respects the children, duly serving the defendant in California, who appeared at the hearing in person and by attorney.  After the hearing, at which evidence both oral and documentary was taken, the court made an order requiring the defendant to return the children to California.  From this order modifying the decree the defendant appeals.

■ Defendant's first challenge to the order is that the court acted without jurisdiction as the children were not in California when service was made of the order to show cause or when the order appealed from was made and entered. It is obvious that the court had jurisdiction to make the original decree granting the divorce and awarding the custody of the children to the defendant. Having obtained jurisdiction of the parties and subject matter, it retained jurisdiction for all purposes. "So where jurisdiction of the person or of the *res* has once attached, it is not defeated by a removal of the person or the *res* beyond the jurisdiction of the court." (15 Cor. Jur. 824; see cases there cited.)

The jurisdiction or power to modify the decree respecting the custody of the children is continuing (Civ. Code, secs. 137 and 138; *Beal* v. *Beal,* 218 Cal. 755 [24 Pac. (2d) 768]).

The trial court heard the evidence produced at the hearing and a review thereof demonstrates that it would not have been an abuse of discretion to either modify or to refuse to modify the order. Hence it was not an abuse of discretion to modify the order as it did.

The order is affirmed.

Barnard, P. J., and Marks, J., concurred.