Alice Des Chatelets, Appellant, v. Joseph Des Chatelets, Appellee.

Gen. No. 39,283.

Opinion filed November 15, 1937.

TAGE JORANSON and EDWARD SCHATZ, both of Chicago, for appellant.

JOSEPH H. and NORMAN BECKER and MILTON B. JACOBSON, all of Chicago, for appellee.

ON REHEARING

MR. JUSTICE HALL delivered the opinion of the court.

On March 15, 1933, on plaintiff's complaint, and upon a charge of cruelty on the part of defendant, a decree of divorce was entered in the superior court of Cook county, dissolving the marriage between Alice Des Chatelets and Joseph Des Chatelets, and decreeing that the plaintiff, Alice Des Chatelets, have the care, custody and control of the children, and that de-

fendant pay complainant $50 a month for alimony, support and other incidentals mentioned.

On August 21, 1936, the defendant, Joseph Des Chatelets, filed a petition in which he alleged that he had complied with the orders of the court as to the payment of alimony and support, and charges that the respondent is not a fit and proper person to have the care and custody of the children, and that petitioner be awarded their custody. After various hearings, on September 16, 1936, the court made a finding to the effect that Alice Des Chatelets was not a fit and proper person to have the care and custody of the children, and ordered that the decree of divorce be modified and that Joseph Des Chatelets be awarded their custody. Thereafter, on September 19, 1936, Joseph Des Chatelets filed a petition in which he prayed, among other things, that the $50 a month alimony provided for in the original decree, be vacated and set aside. On the same day, and before a hearing on the last mentioned petition, Alice Des Chatelets filed an answer to this petition and a verified petition for change of venue from Judge Oscar F. Nelson, one of the judges of said court, before whom the last mentioned petition was pending, and who had entered the order of September 16, 1936, awarding the care and custody of the children to Joseph Des Chatelets. The petition was based upon the charge that the judge was prejudiced against her and that she could not receive a fair trial before him. The petition for change of venue was denied, and an order entered which vacated the order for the payment of alimony. Thereafter, notice of appeal was filed on October 2, 1936, whereby Alice Des Chatelets appealed to the Appellate Court from that part of the order entered September 16, 1936, which found her an unfit person to have custody of the children and that Joseph Des Chatelets should

have such custody, and which decreed a modification of the divorce decree and awarded the custody of the children to the father. She further appealed from the order entered September 19, 1936, denying her petition for change of venue on the hearing of the petition to vacate the provision for alimony in the divorce decree, and from the order entered September 19, 1936, vacating the provision for alimony.

Considerable testimony was introduced and received as to whether or not Alice Des Chatelets was a fit person to have the custody and control of her children. Her former husband, Joseph Des Chatelets, and other witnesses testified to certain of her alleged acts and conduct, which indicated that she was not such a person as should have the custody and care of children of tender age. Some of the statements as to her character were verified by other witnesses. She, however, denied all the charges made by her former husband as to her actions, her conduct, and as to her not being a good mother, and in this she was sustained by witnesses. The court, however, was undoubtedly not satisfied with the evidence before him, and from the record it is indicated that he considered what he terms a "confidential report from the social service department." Whatever this may have been, does not appear from the record, and of course, we are unable to consider it. However, the record indicates that the court did consider it, and stated that he based his finding upon it. We are of the opinion that he was in error in so doing.

The defendant, Joseph Des Chatelets, admits that the petition for a change of venue is in the proper form, but insists that the court was not in error in denying it, because "nowhere in the record does there appear a notice to Joseph Des Chatelets . . . on

respondent's petition for a change of venue." The order denying the change of venue is as follows:

"On petition of Alice Des Chatelets for a change of venue on hearing of the petition of Joseph Des Chatelets to vacate order for alimony, *upon due notice to Joseph Des Chatelets,* and upon consideration thereof, it is hereby ordered that the said petition for change of venue be and the same is hereby denied, to which order said Alice Des Chatelets duly excepts. (Italics ours).

Enter:

September 19, 1936.        Oscar F. Nelson, Judge."

It is to be seen from this order that the court finds, in terms, that the proper notice was given, as required by statute. (See *McPike v. McPike,* 10 Ill. App. 332.)

Chap. 146, ¶ 1, § 1, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 107.316, provides that a change of venue shall be granted "where either party shall fear that he will not receive a fair trial in the court in which the *suit or proceeding* is pending because . . . the judge is prejudiced against him." (Italics ours.)

As to plaintiff's right to a change of venue, we cite the following: In *McPike v. McPike, supra,* Nannie L. McPike obtained a decree of divorce from Henry G. McPike in the city court of Alton, and the decree provided that she should have custody of their child, and that the husband should pay $300 alimony. The divorce was obtained at the February term, 1878. At the September term, 1880, the decree was modified and changed as to the custody of the child. At the August term, 1881, of the court, the defendant filed another petition, praying that he might be awarded the entire custody of the child, and asked for a reduction of alimony. When the cause came on for a hearing at the same term of court, Nannie L. McPike filed a petition

for a change of venue, because of the prejudice of the judge, and the petition for change of venue was denied and a decree entered, reducing the alimony and awarding the custody of the child to the defendant. On appeal, error was assigned because of the court's refusal to grant the change of venue because it was insisted that the proceeding was not "a suit or proceeding in law or equity," and on this question this court said: "The first error assigned is that the court erred in refusing to grant appellant's petition for a change of venue. It is not contended but what the notice and petition for a change of venue is in exact compliance with the terms of the statute, but it is insisted that this is not 'a suit or proceeding in law or equity'; that a petition for a change of venue cannot be entertained, and that is the question for consideration. The second definition of the term 'suit' given by Webster is, 'the act of suing; the process by which one endeavors to gain an end or object; attempt to attain a certain result.' Usually the words 'suits' and 'actions' are held as synonymous terms, although the term 'suit' is of more general meaning, and is indefinitely applied to proceedings in law as well as equity, while the word 'action' is applicable to proceedings at law. In this state it has been held that the term 'suit' is more properly applied to proceedings in chancery. The definition of the word 'suit' given by Blackstone, is the lawful demand of one's right; or as Bracton and Fleta express it in the words of Justinian, *'Jus prosequandi in judicia quod alicuidebetur.'* Blackstone further states that the forms of these actions (he treats the terms 'suits' and 'actions' as synonymous) were originally preserved in the books of the pontifical college as choice and inestimable secrets, until one Cneius Flavius, the Secretary of Appius Claudius, stole a copy and published them to the people. The

concealment was ridiculous, but the establishment of some standard was undoubtedly necessary to fix the true state of a question of right, lest in a long and arbitrary process, it might be shifted continually, and be at length no longer discernible.

"The word 'suit' applies to any proceeding in a court of justice in which the plaintiff pursues, in such court, the remedy which the law affords him for the redress of an injury or the recovery of a right. Bouvier's Institutes, Vol. 3, 128; Stephens on Pleadings, 427. A civil action is one prosecuted for the establishment or recovery of a right, or the prevention of a wrong, or the redress of an injury. Waite's Actions and Defenses, Vol. 1, page 10. From these authorities we think that we may very safely assume that this is a 'suit or proceeding in law or equity.' It is a proceeding expressly provided for by the statute, and grows out of the proceedings had before that time; still it is for the purpose of redressing a supposed injury, or for the establishment of an alleged right.

"As we have said, the proceeding grows out of the suit for a divorce, and the decree therein rendered; yet it is none the less the demand of a right expressly awarded and given by the statute. It is a supplemental question, and we have no doubt but what appellant had a right to have that question determined by a judge who was not, as she believed, prejudiced against her. In civil cases, the granting of a change of venue is not discretionary. It is an absolute right, given the party making the application, if the papers are in compliance with the provisions of the statute." See also *People v. Scott,* 326 Ill. 327.

The three orders appealed from are reversed and the cause remanded with the direction that the court grant the change of venue, as prayed, and that thereafter a hearing be had on the petitions relative to the custody of the children and alimony.

*Reversed and remanded with directions.*

Hebel, P. J., concurs.

Mr. Justice Denis E. Sullivan, J., specially concurring: While I concur in the decision reached, I cannot agree that the legislature in the Change of Venue Act intended the words ''suit or proceeding'' to include subsequent and ancillary motions such as alimony and custody of children.`