Laura May Jackson, Appellee, v. Nicholas J. Jackson, Appellant.

Gen. No. 9,274.

Opinion filed March 31, 1938.

RAYMOND J. HARVEY and PENCE B. ORR, both of Joliet, for appellant.

BASKIN & MILLER, of Joliet, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

On August 6, 1937, the circuit court of Will county rendered a decree awarding Laura May Jackson a divorce from Nicholas J. Jackson. On the same day a notice of appeal was filed which was, on August 16, 1937, made a *supersedeas*. Thereafter, at the Febru-

ary Term, 1938, of this court, said cause was submitted on briefs and oral arguments of counsel and an opinion therein, being Gen. No. 9,273, is this day filed.

On August 20, 1937, counsel for the plaintiff served counsel for defendant with a notice and a copy of a petition for alimony and attorney fees pending said appeal. The notice was to the effect that on August 23, 1937, counsel would appear before the circuit court of Will county and present to the court said petition and request the court to enter an order in accordance with the prayer of that petition. On August 21, 1937, counsel for the defendant served upon counsel for the plaintiff a notice to the effect that on August 23, 1937, they would file in said circuit court a petition asking for a change of venue from Judge Edwin L. Wilson, the chancellor who heard the original proceeding. Attached to this notice was the verified petition of the defendant praying for a change of venue from Judge Wilson.

The petition of the plaintiff Laura May Jackson represented that on August 6, 1937, the court had rendered a decree upon her original complaint awarding her a divorce, dismissing defendant's counterclaim and ordering the defendant to pay her $1,500, in full of alimony and the further sum of $1,000, for her solicitor fees on or before August 21, 1937. The petition further recited that during the pendency of the original proceeding the defendant paid the plaintiff the sum of $20 per week but that she is not receiving any sum for her support during the pendency of the appeal. The petition prayed for an order directing the defendant to pay to the plaintiff during the pendency of the proceeding on appeal the sum of $20 per week and the further sum of $1,000, for her solicitor fees on appeal. On August 23, 1937, this petition, together with defendant's application for a change of venue, came on to be heard before Judge Wilson, who denied defendant's

application for a change of venue and after so doing announced that alimony would be allowed the petitioning plaintiff in the sum of $20 per week and should be paid to the plaintiff pending the appeal starting the following Monday and that a solicitor's fee of $500 should be paid by the defendant within 30 days, the order, however, which was subsequently entered recites that the plaintiff withdrew her petition for temporary alimony, but did direct the defendant to pay to the circuit clerk on or before September 23, 1937, for the benefit of the plaintiff the sum of $500 as solicitor's fees. From this order this appeal has been perfected.

The record discloses that counsel for appellee contended in the lower court that the petition of appellee was filed in the original divorce proceeding and that it is a continuation of that proceeding, that the application of appellant for a change of venue came after the hearing and after a decree had been rendered in the original proceeding and was therefore presented too late. Counsel for appellant call our attention to section 1 of ch. 146, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.316] which provides ''that a change of venue in any civil suits or proceeding in law or equity . . . may be had . . . where either party shall fear that he will not receive a fair trial in the court in which the suit or proceeding is pending because . . . the judge is prejudiced against him,'' and insist that the instant application is a proceeding within the meaning of this statute, is supplemental to the divorce decree which finally determined the rights of the parties and that after the petition for a change of venue was presented, the only order the chancellor could have entered was one granting the prayer of the petition.

No objection is made to the form, substance or sufficiency of the petition for a change of venue or of the notice to opposite counsel that a change of venue would be applied for and the record discloses that the petition was presented to the court at the very first oppor-

tunity counsel had. It is true that the issues formed by the complaint of appellee, appellant's answer thereto, the counterclaim of appellant and the reply thereto were submitted to Judge Wilson and a final decree had been awarded from which appellant had prosecuted an appeal to this court. Section 16 of ch. 40, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 109.183] provides among other things that "in case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense . . . as to such court shall seem reasonable and proper." In pursuance to the provisions of this section of the statute, appellee filed the instant petition and the question for determination is whether such a matter, so presented, is a suit or proceeding within the meaning of section 1 of chapter 146 of our statutes.

Suit is defined as "a proceeding in a court of justice for the enforcement or protection of a right or claim, or for the redress of a wrong: prosecution of a right or claim before any tribunal." The Century Dictionary. The same authority says that the term proceedings "is specially applied to suits and judicial actions of all kinds involving rights of persons or of property, as well as to the course of steps or measures in the prosecution of actions at law." The Century Dictionary, Vol. 5, page 4744. In *McPike v. McPike,* 10 Ill. App. 332, it was held that a petition filed by the husband after a decree of divorce had been granted, for the purpose of having the alimony awarded by that decree reduced and the entire custody of the minor child awarded to him, was a suit within the meaning of the statute relating to change of venue. The opinion in this case quoted definitions of the word "suit" from Webster, Blackstone, Bouvier, Stephens on Pleading and Waite's Actions and Defenses and concluded: "From these authorities we think that we may safely assume that this is a 'suit or proceeding in law or

equity.' It is a proceeding expressly provided for by the statute and grows out of the proceedings had before that time; still it is for the purpose of redressing a supposed injury or for the establishment of an alleged right. The Supreme Court of this State have quite frequently entertained appeals from the judgments of the circuit courts in cases of this character, thereby treating the petition as an independent action; and if an appeal would lie, it is difficult to see why a petition for a change of venue should not be entertained. It is insisted by the learned counsel for appellee that the petition for a change of venue ought not to be allowed, because the court to which the venue should be changed would have no evidence that there was an original decree, of which the proceeding was a mere adjunct, and that there is no law for a removal of the records upon a change of venue, etc. We do not see the force of this objection. In this case the only controverted points were, whether the alimony should be reduced, and whether the entire custody of the child should be awarded to appellee. Even if matters of record were desired, or required to be introduced in evidence, the law points out the method by which it may be done, and the statute provides for transcripts in cases of a change of venue. As we have said, the proceeding grows out of the suit for a divorce, and the decree therein rendered; yet it is none the less the demand of a right expressly awarded and given by the statute. It is a supplemental question, and we have no doubt but what appellant had a right to have that question determined by a judge who was not, as she believed, prejudiced against her. In civil cases, the granting of a change of venue is not discretionary. It is an absolute right, given the party making the application, if the papers are in compliance with the provisions of the statute.''

In *Des Chatelets v. Des Chatelets*, 292 Ill. App. 357, it appeared that in 1933 a decree for divorce and

awarding the plaintiff, Alice Des Chatelets, alimony and the custody of the children of the parties was rendered by the superior court of Cook county. In August, 1936, a petition was filed in the same proceeding by the husband to modify the decree and praying that the custody of the children be awarded to him. Upon a hearing the prayer of this petition was granted and thereafter the husband filed another petition to modify the decree by vacating that portion which provided for the payment of $50 a month alimony. Alice Des Chatelets filed a petition for a change of venue from the judge before whom the petition was pending and who had entered the previous order awarding the children to the husband. The petition for a change of venue was denied. The Appellate Court, however, in its opinion, quoted extensively and approvingly from *McPike v. McPike, supra,* reversed the order appealed from and remanded the cause with directions to grant the change of venue.

Counsel for appellee seek to distinguish these cases by insisting that the decree in the instant case had not become final because the appeal was pending in this court while in the *McPike* and *Des Chatelets* case, *supra,* the decrees had been entered and several years had elapsed before applications to modify their terms were made. The divorce decree in the instant case, at the time the petition herein was filed by appellee, was a final decree. The notice of appeal had been filed and the cause was pending in this court and the circuit court, except for some purposes not material here, had lost jurisdiction of the cause. Under the provisions of the Divorce Act herein referred to, the circuit court was authorized to grant and enforce the payment of a sum of money in order to enable appellee to present her cause to this court but the words circuit court do not necessarily refer to the chancellor who heard the original divorce proceeding and who approved the

decree rendered therein. Those words refer to the tribunal upon which jurisdiction to hear and determine the cause had been conferred by law and which had heard and rendered a decree.

Counsel for appellee further argue that the granting of alimony or solicitor fees pending an appeal in a divorce case is granted specifically by statute and is by the statute made a part of the proceedings on appeal. As stated in *Ragland v. Ragland,* 271 Ill. App. 518, the statute in cases of divorce creates an exception to the general rule that with the consummation of an appeal a court has no further authority to make orders in the case, as it, the statute, in direct terms, permits the court, after an appeal has been perfected from a decree awarding a divorce, to grant and enforce an order requiring the husband to pay to his wife the reasonable and necessary cost of defending her cause upon a review of the case. It does not, however, necessarily follow that the proceedings had after the decree of divorce is granted and an appeal perfected that such supplemental proceedings are a part of the proceedings of the trial court to be reviewed on an appeal from the original decree. In the instant case the parties hereto have treated the supplemental proceedings as independent of the original proceeding and the record discloses that the notice of appeal herein was filed on August 30, 1937, that the appearance of appellee, by her counsel, was filed on September 2, 1937, that the general number of this cause in this court is 9,274, that appellee filed herein her briefs on January 24, 1938, that this cause was orally argued and is independent of the divorce proceeding which is General No. 9,273.

In our opinion the chancellor erred in denying the prayer of appellant's petition for a change of venue and for that error the order appealed from will be reversed and the cause remanded.

*Reversed and remanded.*