[Civ. No. 11399.   First Dist., Div. Two.   Oct. 1, 1941.]

ROBERT M. NELSON, Respondent, v. DOROTHY GRAHAM ENOS, as Executrix, etc., et al., Appellants.

Bohnett, Hill, Cottrell & Boccardo and L. D. Bohnett for Appellants.

Tobin & Tobin, Charles R. Collins and Richard V. Bressani for Respondent.

SPENCE, J.—Plaintiff made a motion for change of venue from Santa Clara County to the city and county of San Francisco upon the ground that the convenience of witnesses and the ends of justice would be promoted by such

change (Code of Civil Procedure, section 397, subd. 3). From the order granting said motion, defendants appeal.

This litigation involved the alleged procurement by Elizabeth A. Nelson, since deceased, of a gift deed from plaintiff to certain real property at a time when plaintiff was in Stanford Hospital in San Francisco and was about to undergo a serious operation. The defendants are the executor and executrix of the last will of said Elizabeth A. Nelson, deceased. Defendant Enos resides in the city and county of San Francisco and defendant Riggs resides in the county of Santa Clara.

In support of the motion, plaintiff filed his affidavit showing that plaintiff and all witnesses to be called by him were residents of San Francisco and that he knew of no person residing outside of San Francisco who could give any relevant testimony at the trial. In said affidavit, plaintiff set forth the names of the several witnesses residing in San Francisco and the testimony which would be given by each of said witnesses. Defendant Riggs alone filed a counter-affidavit. In said affidavit he stated that it was impossible to know what testimony would be required to defend the action and further stated that "whatever witnesses" were required resided in Santa Clara County. He failed however to name any such witness and failed to give the substance of the testimony of any such witness. The counter-affidavit further contained an offer to stipulate that certain of the witnesses named by plaintiff would testify as stated in plaintiff's affidavit.

Defendants contend that the trial court abused its discretion in granting said motion but we find no merit in said contention. In their briefs, defendants divide the witnesses named in plaintiff's affidavit into four classifications as follows: (1) plaintiff; (2) witnesses whose testimony was the subject of the offer to stipulate contained in the counter-affidavit of defendant Riggs; (3) witnesses whose testimony was claimed to be irrelevant; and (4) witnesses whose names and residences were not specifically set forth but were merely referred to as the representatives of Stanford Hospital who would be called to produce the hospital records. Defendants then argue that the convenience of the persons named in classifications 1, 3 and 4 should not have been considered by the trial court. As to the witnesses named in classification 2,

defendants argue that the offer to stipulate constituted a complete answer but we believe that defendants are in error on this point and we shall confine our discussion to a consideration thereof.

The offer to stipulate was not an offer to stipulate to the truth of the testimony set forth in plaintiff's affidavit but was merely an offer to stipulate that the witnesses would testify as stated in plaintiff's affidavit "if personally present at the trial." Said offer to stipulate was insufficient to defeat the motion. As was said in *Ingal* v. *Stoddard*, 35 App. Div. 539 [54 N. Y. Supp. 813, at page 814], "To defeat such a motion, the stipulation must go beyond this. It must be to the effect that the facts sought to be established by the witnesses will be admitted upon the trial. An admission that a witness will testify to a fact is of little or no value, because the party could not safely go to trial without calling the witness, inasmuch as the correctness of his statement would be determined by the court and jury in no small degree from his appearance upon the stand and the manner in which he gave his testimony." (See also *Rhodes* v. *Wheeler*, 48 App. Div. 361 [63 N. Y. Supp. 177]; *Thompson* v. *Walker*, 180 N. Y. Supp. 100.) ▮ Furthermore, the offer to stipulate was made in an affidavit signed by only one of the two defendants. Plaintiff contends that such offer was in no way binding upon the other defendant. Defendants make no answer to this contention and we know of none. In the absence of an offer by both defendants to stipulate to the truth of the testimony of said witnesses as set forth in plaintiff's affidavit, we find no abuse of discretion in the granting of the motion.

▮ Defendants further call our attention to the fact that said motion was not made until after the cause was set for trial. This fact was one for the consideration of the trial court and it requires no citation of authority to sustain the proposition that the order of the trial court granting the motion should not be disturbed on appeal in the absence of a showing of a clear abuse of discretion. We find no such showing here.

The order is affirmed.

Nourse, P. J., and Dooling, J. *pro tem.*, concurred.