[L. A. No. 18720.   In Bank.   Nov. 17, 1944.]

ELNA COONEY, Plaintiff, v. ERNEST ALFRED COONEY, Appellant; F. J. ROOT, Respondent.

W. H. Weddell and Martin J. Coughlin for Appellant.

F. J. Root, in pro. per., for Respondent.

CARTER, J.—Plaintiff and defendant are husband and wife and have four minor children consisting of two sons, Ernest and Jack; and two daughters, June and Ella. On September 20, 1939, while both were residents of Placer County, the plaintiff wife commenced an action for divorce in the superior court of that county against defendant and prayed for custody of the children. Defendant filed an answer and cross-complaint for divorce and demanded custody of the children. On November 26, 1940, the superior court of that county granted an interlocutory decree of divorce to plaintiff on the ground of extreme cruelty. The decree recited that "the care, custody and control of the minor children of the parties be awarded to Charles E. Allen, Probation Officer of the County of Placer, State of California, with the following reservations": That the "care, custody and control" of each of said children be "delivered" by the probation officer to the following named persons, to wit: June, to F. J. Root, respondent

herein, a resident of Sacramento County; Ella, to J. C. Wiseman, a resident of Napa County; Ernest, to William Miller, a resident of Placer County; and Jack, to George Bettfreund, a resident of Sacramento County. On March 4, 1942, defendant filed a petition in the Superior Court of Placer County requesting a modification of the decree to the end that custody of the children be awarded to him, and an order to show cause was issued on that day fixing March 23, 1942, as the date of hearing for said petition, and same was served on Allen and plaintiff. On March 25, 1942, the Superior Court of Placer County made a minute order transferring "the action" to San Bernardino County "for trial." Apparently after the interlocutory decree was entered defendant became a resident of San Bernardino County and plaintiff a resident of Los Angeles County. At whose request or upon what ground that order was made does not appear. On April 3, 1942, the Superior Court of San Bernardino County granted plaintiff a final decree of divorce and adopted the provisions of the interlocutory decree with respect to the custody of the children. On April 29, 1942, plaintiff filed in the last-mentioned court, her objections to the defendant's petition for modification and a cross-petition for an award of the children to her. Allen waived notice of this proceeding. The petitions were heard on July 24, 1942, by that court, and on August 14, 1942, it ordered that the custody of Ernest, Ella and Jack be awarded to defendant; and the custody of June remain with Mr. Allen, Probation Officer. On motion of defendant the portion of the modification order affecting the custody of June was vacated, and further hearings were ordered with respect to the rights of F. J. Root in the matter of the custody of June, and an order to show cause was issued and served upon Mr. Root. Respondent Root appeared and objected to any further proceeding before that court upon the ground that the court had no jurisdiction of the subject matter or his person. The objection was sustained and the court ordered the proceeding transferred to Placer County. Defendant appeals therefrom. Respondent Root asserted in the court below, but has filed no brief herein on points of law, that the Superior Court of San Bernardino County did not have jurisdiction of the subject of the proceeding to modify the custody decree or of his person, predicating that contention on the claim that the Su-

perior Court of Placer County had no jurisdiction to transfer the proceeding to the former court.

■ We think it is clear that the Superior Court of Placer County had jurisdiction over the subject matter of the proceeding and had power to modify its decree with respect to the custody of the children. The superior court in which a decree of divorce is granted, which contains an order affecting the custody of children, has jurisdiction to modify the custody order under proper circumstances. (Civ. Code, § 138; 9 Cal. Jur. 797.) And it has continuing jurisdiction in that respect. (Civ. Code, § 138; *Rosher* v. *Superior Court*, 9 Cal.2d 556 [71 P.2d 918]; *Smith* v. *Smith*, 31 Cal.App.2d 272 [87 P.2d 863]; *Olson* v. *Olson*, 95 Cal.App. 594 [272 P. 1113]; *Adoption of Kelly*, 47 Cal.App.2d 577 [118 P.2d 479]; *Reynolds* v. *Reynolds*, 21 Cal.2d 580 [134 P.2d 251]; *Harlan* v. *Harlan*, 154 Cal. 341 [98 P. 32]; *Moore* v. *Superior Court*, 203 Cal. 238 [263 P. 1009]; *Swenson* v. *Swenson*, 101 Cal.App. 440 [281 P. 674]; *Bogardus* v. *Bogardus*, 102 Cal.App. 503 [283 P. 127]; *Baldwin* v. *Baldwin*, 111 Cal.App. 148 [295 P. 93]; *Crider* v. *Crider*, 11 Cal.App.2d 594 [54 P.2d 485]; *Marts* v. *Marts*, 15 Cal.App.2d 224 [59 P.2d 170].) ■ It may well be that without a valid order transferring the proceeding from the court making the custody order, another court could not modify it, but that does not mean that a superior court of another county may not have jurisdiction to modify such an order under appropriate circumstances. Superior courts have general jurisdiction to award the custody of children. (*Barrett* v. *Barrett*, 210 Cal. 559, 562 [292 P. 622]; *Foster* v. *Foster*, 8 Cal.2d 719 [68 P.2d 719].) This court said in *Barrett* v. *Barrett*, *supra*, at page 563:

". . . statutes conferring jurisdiction on courts to award the custody of children do not confer a new authority or jurisdiction upon them, but merely recognize their original or inherent jurisdiction in the premises. (9 R.C.L. 472, sec. 286; *Cowls* v. *Cowls*, 3 Gilm.(Ill.) 435 [44 Am.Dec. 708, 711]; *Hartmann* v. *Hartmann*, 59 Ill. 103, 104.) In the exercise of their general chancery powers, courts of equity, even in the absence of statute, have always been held to be invested with power to award and control the custody of infant children of parties in a suit for dissolution of marriage."

We are not concerned here with whether or not the court which grants the interlocutory decree of divorce may trans-

fer the action to the superior court of another county for entry of the final decree, and we express no opinion on that subject. ▮ The determination of the custody of children may be made in a divorce proceeding, but there are other proceedings also available and it is not necessary that the issue be there adjudicated. ▮ The modification of a divorce decree awarding custody of children is a definite and separate proceeding after judgment and has no effect upon the portion of the decree dealing with the issue of divorce.

▮ Section 138 of the Civil Code provides that in divorce actions the court may modify an order for custody of children. And it has been said that the court which makes the original custody order is the proper one to determine an application for modification of such order. (*Smith* v. *Smith*, 31 Cal.App. 2d 272 [87 P.2d 863].) That is true, but it does not follow that some other court may not become the proper court where the court in which the action is pending orders a transfer of the action to such other court.

▮ Apparently no notice of the modification proceedings was given to respondent Root when they were originally initiated and prior to the order of transfer to San Bernardino County. Assuming that respondent was entitled to be heard in the matter (and it may well be proper to bring him before the court as was done by the Superior Court of San Bernardino County when it ordered a further hearing as to the custody of June Cooney), the failure to give him notice was not fatal to the transfer order. The primary custodian of the children as evidenced by the interlocutory decree of divorce was the Probation Officer of Placer County. He was given notice of the proceeding and waived any further notice. True, the court directed him to deliver the children to various named persons among whom was Root, but they were in effect merely the agents of the probation officer and certainly notice to him was sufficient. It was a reasonable method of giving notice to all concerned other than plaintiff and defendant and would be likely to inform such persons. As far as appears, Root is a total stranger to plaintiff, defendant and the children, and has no natural or legal claim to the children. In all probability the custody of the children was awarded to the probation officer as an arm of the court, and certainly notice to him was sufficient. The original order of modification did not affect June in whom Root is interested and when that portion of

the order was vacated, Root was served with notice and appeared. Hence, there is no merit to the claim that Root was not subject to the jurisdiction of the Superior Court of San Bernardino County.

We conclude therefore that the Superior Court of San Bernardino County could as a general proposition exercise jurisdiction over the custody of the minor children and that jurisdiction over both the person and subject matter was acquired.

This brings us to the question of whether the Superior Court of Placer County had authority to transfer the proceeding for modification of the custodial portions of the decree to San Bernardino County.

It must be remembered at the outset that the order made by the Superior Court of Placer County transferring the action to the Superior Court of San Bernardino County is a final order. No appeal has been taken therefrom. We must assume therefore that it was based upon some appropriate and legal ground and that the requirements for the order were fulfilled. In *Wessel* v. *Superior Court,* 177 Cal. 308 [170 P. 606], prohibition was sought to restrain a superior court from proceeding in an action which had been transferred to it. This court said at page 311, quoting from *Broder* v. *Conklin,* 98 Cal. 360 [33 P. 211]:

"*If any condition of facts could exist under which the transfer would be authorized,* the action of the court in making the transfer will be upheld whenever collaterally attacked." And at page 312:

"It may be conceded that all this appears very improbable in point of fact, but it is a condition of facts that *could* exist consistently with anything stated in the order, and on any collateral attack on the order must be conclusively assumed to have existed." Hence, in the instant case if any facts could exist under which the Superior Court of Placer County would have had power to transfer the action they must be assumed to have been present.

Without expressing any opinion as to other possible grounds, the transfer could have been made upon the grounds of convenience of witnesses and to promote justice. Section 397 of the Code of Civil Procedure provides:

"The court may, on motion, change the place of trial in the following cases: 1. When the court designated in the complaint is not the proper court; 2. When there is reason to be-

lieve that an impartial trial cannot be had therein; 3. When the convenience of witnesses and the ends of justice would be promoted by the change; 4. When from any cause there is no judge of the court qualified to act.'' As we have seen the proceeding for modification is in a sense an independent one. The hearing thereon is tantamount to a trial. A trial is generally defined in *City of Pasadena* v. *Superior Court*, 212 Cal. 309, 313 [298 P. 968] as follows:

'' 'A trial is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties, it may be considered a trial.' '' ▉ The litigation is still pending in the trial court so far as custody proceedings are concerned either by way of making an order where none has theretofore been made or in modifying an order previously made, and the previous order is not final. (*Reynolds* v. *Reynolds, supra; In re De Leon,* 70 Cal.App. 1 [232 P. 738]; *Rosher* v. *Superior Court,* 9 Cal.2d 556 [71 P.2d 918]; *Lamborn* v. *Lamborn,* 190 Cal. 794 [214 P. 862].) ▉ There is no time fixed by statute when an action may be transferred for trial because of convenience of witnesses or to promote justice. The courts have said that it must be made within a reasonable time after the case is at issue on the facts, the determination of which rests largely in the discretion of the trial court. (*Nelson* v. *Enos,* 47 Cal.App.2d 79 [117 P.2d 429]; *Willingham* v. *Pecora,* 44 Cal.App.2d 289 [112 P.2d 328]; 25 Cal.Jur. 899.) In the proceeding in the instant case to modify the decree, the order was made after defendant's petition for modification was filed and before any hearing was had. It has been held directly or by analogy that venue may be changed for a hearing on an application to modify the custodial provisions of a divorce decree from the court in which the decree was rendered to another court. (See *Des Chatelets* v. *Des Chatelets,* 292 Ill.App. 357 [11 N.E.2d 13]; and *McPike* v. *McPike,* 10 Ill. App. 332; and *Jackson* v. *Jackson,* 294 Ill.App. 508 [14 N.E. 2d 276], disqualification of judge.)

In the case at bar as far as appears, respondent did not even make a motion that the proceeding be retransferred to Placer County. He objected on the ground that the court lacked jurisdiction because the Superior Court of Placer County had

no power to transfer the proceeding to San Bernardino County. The superior court of the latter county sustained his objection and retransferred the proceeding back to Placer County solely for that reason. No pretense is made that there was any justification for the order in the law of venue. Inasmuch as we have determined that the proceeding was properly transferred to San Bernardino County, and that the superior court of that county had jurisdiction over same, the order of retransfer must be and the same is reversed and the Superior Court of San Bernardino County is directed to proceed with a determination of the issue of modification with respect to the custody of the minor child, June Cooney.

It is so ordered.

Gibson, C. J., Shenk, J., Curtis, J., Traynor, J., and Schauer, J., concurred.

EDMONDS, J.—In my opinion, for the reasons stated by the District Court of Appeal when this case was there decided [(Cal.App.) 145 P.2d 906], the Superior Court of San Bernardino County acquired no jurisdiction to modify the terms of the interlocutory decree of divorce and the order appealed from should be affirmed.