## HALE v. CAMPBELL et al.

### No. 36.

District Court, N. D. Iowa, Central Division.
Sept. 6, 1941.

Thomas M. Healy and Alan Loth, both of Fort Dodge, Iowa, and C. A. Smedal, of Ames, Iowa, for plaintiff.

Maurice J. Breen, Dwight G. Rider, and D. M. Kelleher, all of Fort Dodge, Iowa, for defendants.

SCOTT, District Judge.

The above cause comes before the Court on the defendants' motion to dismiss. Apparently for more particular description the motion is entitled, "Plea to Jurisdiction and Motion to Dismiss". The motion is in six divisions, each attacking the complaint upon an independent ground. Understanding of the motion can be best subserved after a concise statement of the substance of the complaint.

The complaint shows plaintiff a citizen of Iowa, and the defendants variously citizens of California, Oregon, Washington and Kansas. The jurisdictional amount in controversy is sufficient. The plaintiff alleges that he and his wife, Elizabeth C. Hale, on April 22nd 1929, executed an instrument in writing by the terms of which Elizabeth C. Hale as party of the first part for valuable consideration "transfers, sells and assigns to" plaintiff "all property of all kinds now or hereafter owned by the party of the first part, absolutely and unconditionally, except with the reservation that the use and enjoyment of said property by the party of the second part shall not commence or begin until the death of the party of the first part." That prior to the execution of said contract, plaintiff and his wife owned as equal tenants in common, real estate in Webster County, Iowa, included in a list exhibited, and also bonds and securities then in their possession, a list of which is likewise exhibited. That on May 5th 1938, the wife died leaving no descendants, but leaving defendants as her sole next of kin. That the wife left a paper purporting to be her last will, dated July 7th 1937, which was on June 8th 1938, admitted to probate. That about February, 1940, the defendants brought suit in the District Court of Webster County, Iowa, to set aside said probate and annul the will, which suit is now pending. That aside from certain bequests to certain persons not parties, the will left the entire estate to plaintiff. That after April, 1929, plaintiff and his wife acquired other real estate as tenants in common. That in June, 1939, the executor of the will of Elizabeth C. Hale turned over to plaintiff all of the bonds not required to be used in the administration of her estate. That since June 16, 1939, plaintiff has had sole possession of all the bonds exhibited on the complaint, which have been kept within the State of Iowa. That defendants claim all of the estate of which Elizabeth C. Hale died seized, as heirs, except that portion as descended to the plaintiff as her husband, under the statutes of descent and distribution of Iowa, and make plaintiff a party defendant in their suit. That in said suit plaintiff pleaded the contract here declared on, but the Court struck and excluded the same, holding that plaintiff must enforce the same by a separate plenary action. Plaintiff then prays this Court to take jurisdiction and decree confirmation of his claim under the contract to all of the estate of Elizabeth C. Hale, independent of her last will, if any.

The motion purports to be filed by the defendants under special appearance "for the purpose of this plea and motion; and reserving all proper objections to the jurisdiction of this Court to adjudge or decree the enforcement of any demand, claim or prayer for relief except such jurisdiction as may be lawfully exercised under said Section 57 of the Judicial Code [28 U.S.C.A. § 118]". (Defendants had been brought into Court under substituted service under said section.)

The first division of the motion challenges the jurisdiction of this Court upon the ground that the District Court of Iowa

for Webster County, already has full jurisdiction of the subject matter and sets forth in seven numbered paragraphs the substantial allegations of the complaint. That the estate of Elizabeth C. Hale is in the course of administration in the probate court of Webster County, Iowa; that one O. M. Thatcher being executor of her will; and pleads sundry matters in pais which include the conduct of plaintiff in bringing about the probate of his wife's will, cooperating with the executor and acting as an advisor to the executor in pursuance of the provisions of the will.

The second division of the motion challenges the jurisdiction of the subject matter of the complaint upon the ground that there are indispensable parties defendant which are omitted, viz., O. M. Thatcher, executor; Herman Hale, and others, devisees and legatees under the purported last will of Elizabeth C. Hale. (It appears from the will admitted to probate, that Herman O. Hale was devised a quarter section of land in Webster County, Iowa, and $30,000, in money or securities as he might elect.)

The third division of the motion pleads that the contract declared on was not an entire transaction, but that another like contract was mutually executed by the husband to the wife simultaneously, and that the writings taken together defer effectiveness until the death of one of the parties, and were testamentary in character; and that plaintiff's action is an attempt to enforce under the guise of a present transfer a testamentary writing.

Division four of the motion pleads the complete rescission of said mutual contracts referred to in division three, by the execution of reciprocal wills by plaintiff and his wife on or about the month of June, 1932.

Division five of the motion pleads matter in pais, including the conduct of Henry O. Hale, plaintiff, his waiver and abandonment of his claim under the alleged contract declared on, and other defensive matters in pais.

The sixth division of the motion is a tender of the testimony of a witness and also documentary evidence in support of defendants' plea to the jurisdiction and motion to dismiss.

The foregoing fairly presents the case as shown by the complaint and motion. At the threshold of the hearing is presented the matter of special appearance.

"A special appearance, while not regarded as an appearance at all for some purposes, is one which is made for the sole purpose of objecting to the jurisdiction of the court over the person of defendant, because of a want of process, illegality or invalidity thereof, defects in the process or the service, variance between the complaint and summons, or because the action was brought in the wrong county or judicial district." 6 Corpus Juris Secundum, Appearances, § 1, page 6.

"Although a designation of an appearance as special is important by reason of its tendency to refute the presumption that an appearance is general, it is not determinative of the character of the appearance. If the appearing party asks relief or discloses a purpose which goes beyond questioning the jurisdiction of the court the appearance is general no matter what it may be called or designated. On the other hand, when a consideration of the substance discloses that the only purpose is to question the jurisdiction of the court over defendant's person, the appearance is special even though it may not expressly be so designated." 6 Corpus Juris Secundum, Appearances, § 1, page 7.

"An appearance originally special is waived or converted into a general appearance if the appearing party, before the special appearance has been ruled on, does some act which amounts to a general appearance." 6 Corpus Juris Secundum, Appearances, § 1, page 9.

"A special appearance is one made for the purpose of urging jurisdictional objections. But an objection to jurisdiction over the person, to be availing, must not be raised in connection with denial of jurisdiction over the subject matter. An appearance to deny the jurisdiction of the court over the subject matter is, according to the weight of authority, a general appearance." 2 Encyclopaedia of Pleading and Practice, pages 620, 621.

Consideration of the complaint and motion in the light of the foregoing texts and authorities there cited, lead me to the conclusion that the defendants' appearance is a general appearance. The third, fourth and fifth divisions of the motion manifestly plead defensive matters and matters which I think requires the exercise of jurisdiction to determine. They urge the conduct of the plaintiff as matters in pais and estoppel. The sixth division of the motion

is a profert of oral testimony and documentary evidence in support of the defenses urged in divisions three, four and five.

■ I shall now deal with the first and second grounds of the motion in their order. The first ground of the motion challenges the jurisdiction of this Court upon the ground that the State Court has acquired previous jurisdiction of the subject matter. If the State Court acquired jurisdiction of this subject matter it is because of the identity of the subject matter of this case with the question of mental capacity of or the exercise of undue influence upon the testator. The State Court when the matter here complained of was offered as a defense in the suit to set aside the will, declined jurisdiction and struck the matter from the file. The State Court quite apparently was of the opinion that the subject matter before it was quite distinct from the question of the validity or invalidity of the purported contract set up in the present complaint. In its ruling I think the State Court was correct and that the issue there presented does not extend to a drawing in controversy the validity or invalidity of the purported contract pleaded as the subject of the present action here. Whether or no any particular part of the property of which the decedent died seized, or the whole of that property is a part of the estate, is distinct from the question of the validity of the will. I, therefore, conclude that the first ground of the defendants' motion is not well taken and the same is overruled.

■ The second ground of defendants' motion challenges the jurisdiction of this Court upon the ground of defect of parties, pleading that there are indispensable parties defendant omitted from the record, and that such omitted parties are citizens of the same state as plaintiff. It will be observed that there is a double phase to this ground. The motion points out that there is not only a defect of parties which prevents the Court by any decree possible rendering complete justice, but also points out that because of the absence of diverse citizenship between such omitted parties defendant and the plaintiff, it would be impossible for the Court to bring them in without ousting the jurisdiction of the Court. This latter feature of the second ground of the motion goes directly to the question of this Court's jurisdiction as a Federal Court.

Coming now to a consideration of Rule 12(b) (1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, I am of opinion that the language, "lack of jurisdiction over the subject matter" means Federal jurisdiction and not that secondary jurisdiction as to whether the Court must consider it as an action at law or a suit in equity, because I think those questions cannot be considered by this Court until it has Federal jurisdiction. This does not mean that the question of equity jurisdiction may not be considered at all in deciding the second ground of the motion. The question as to whether the Court can grant substantially complete relief in the absence of a particular party, involves the nature and circumstances of the case. Rule 29 of the Equity Rules of 1912 provided: "Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court." 28 U.S.C.A. § 723 Appendix. I think that principle is still extant under the Rules of Civil Procedure with this modification, that under Rule 12(b) (1) the lack of jurisdiction over the subject matter should still be construed to include a defense presentable by plea in bar when that plea goes directly to the want of jurisdiction of the Court because of a defect of parties through the absence of an indispensable party defendant. I, therefore, conclude that, although if under the prior practice the question were presentable by a plea to the jurisdiction it would be considered a plea in bar, it may still now be presented on motion under Rule 12(b) (1).

■ We now meet the question: Is Herman O. Hale or O. M. Thatcher, executor of the decedent's will, an indispensable party? Under the will Herman O. Hale received a quarter section of valuable Iowa land and $30,000 in cash. I think this a sufficiently substantial portion of the estate to require the presence of the owner or claimant to be brought in before a decree should be entered, although not binding upon him, which would cloud and embarrass his title. Let us suppose that a decree of this Court should be entered sustaining plaintiff's demand and claim. Manifestly such decree would not bind Herman O. Hale and before the title to that portion of the estate of which the decedent was previously seized and possessed could be determined, the present plaintiff

would have to litigate that question with Herman O. Hale in a court of competent jurisdiction. Henry O. Hale and Herman O. Hale being citizens of the same State, the question would have to be determined in the State Court, and the State Court in such a case might arrive at a diametrically opposite conclusion to that of this Court, and thus leave two final judgments resting upon the question of the validity or invalidity of the contract here pleaded, one of which would be entirely adverse to the other. So it is evident that this case would be converted from a suit to remove a cloud from one portion of the estate into a case to create a cloud upon another portion.

Now let us consider the question of the necessity of the presence of O. M. Thatcher, the present executor of the will. The estate is still open, and a suit is also pending to set aside the will. The executor is a party to that suit. Let us suppose that the plaintiffs in that suit are successful and the will is declared void. The present so-called executor would still be an administrator under his appointment by the State Court and required to account for all assets coming into his hands as such administrator. He would still have a fiduciary capacity until the probate court of Webster County, Iowa, should relieve him of such, and it would be his duty or the duty of some successor after he was displaced by the State Court, to recapture the assets illegally distributed for the benefit of the rightful heir. I think the assets of the estate are still sufficiently in custodia legis to require the presence of the executor before adjudicating the legality of a pleaded contract which would thus imperil his trust. The case of Shields et al. v. Barrow, 17 How. 130, 15 L.Ed. 158, is a leading landmark upon this subject. The case of Commonwealth Trust Co. v. Smith, 266 U. S. 152, 159, 45 S.Ct. 26, 28, 69 L.Ed. 219, follows Shields et al. v. Barrow, supra. In the latter case Mr. Justice Van Devanter speaking for the Court, said:

"In the briefs there is much discussion of questions which might arise if the case were here on the merits. But, as the bill was dismissed because of the refusal to bring in additional parties, the only question open here is whether the parties indicated were necessary parties. Of course they were, if they had such an interest in the matter in controversy that it could not be determined without either affecting that interest or leaving the interests of those who were before the court in a situation that might be embarrassing and inconsistent with equity."

One can hardly imagine a greater embarrassment than having the right and title to so much property real and personal as is here involved, clouded by two possible diametrically adverse decisions of different courts, each of competent jurisdiction. I, therefore, conclude that Herman O. Hale and O. M. Thatcher, executor, are indispensable parties, and it is also manifest that they are both citizens of the same State as the plaintiff, and cannot be brought in without again ousting the jurisdiction of the Court. The ultimate conclusion is that the second ground of the defendants' motion must be sustained and the cause dismissed, and it will be so ordered.