Florence Luczynski, Appellant, v. Stanley Luczynski, Appellee.

Gen. No. 43,568.

Heard in the first division of this court for the first district at the October term, 1945. Opinion filed January 7, 1946. Released for publication January 21, 1946.

HAROLD RIVKIN, of Chicago, for appellant; ERNEST C. RENIFF, of Chicago, of counsel.

RAMLOSE & EDWARDS, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

May 16, 1944, plaintiff filed her complaint for divorce charging extreme and repeated cruelty. She prayed for a divorce, for alimony, the support of their two minor children, and solicitor's fees. Defendant in his answer denied the charges of cruelty made against

him, and averred that they were still living together and subsequent to January 25, 1944, as husband and wife. Afterward plaintiff filed a petition and an order was entered for temporary alimony, the support of the children and solicitor's fees. The case went to trial May 2, 1945 and on June 13, a decree was entered dismissing plaintiff's complaint for want of equity. The decree found the two children were aged 10 and 2 years respectively; that plaintiff had been a good mother to them and it was decreed that plaintiff be given the sole custody and control of the children, subject to the further order of the court. Defendant was decreed to pay to the plaintiff for the support and maintenance of the children $24 a week until the further order of the court. It was further found in the decree that the parties were owners in joint tenancy of real estate improved with a two-flat building known as 1446 North Fairfield avenue, Chicago; and it was decreed that the property be sold within a reasonable time and the proceeds divided equally between the parties. Plaintiff appeals, and her counsel contend that the decree dismissing her complaint should be reversed "with a direction to the chancellor to enter a decree of divorce in favor of the plaintiff, or, in the alternative, to reverse the case and remand the same for a new trial."

The record discloses that the parties were married in Poland in 1934, where they continued to live until 1938 when, as her counsel say, "plaintiff came to the United States, she being a citizen of the United States," leaving the infant child born of the marriage, with her mother. Afterward, in 1942, he came from Poland to America and the parties lived together. Another child was born in 1943. There is evidence that defendant struck and beat plaintiff on a number of occasions which defendant denied. And that he charged her with being unchaste, which she denied. In April, 1944, the parties again had trouble in the night-time and plain-

tiff called the police. They came and took him, and the following morning he was arraigned in the Municipal court, and apparently was sent from there to the Psychopathic Department, where doctors connected with the County Hospital found that he was mentally ill and suffering from paranoid psychosis, based on his belief that his wife was unfaithful and trying to poison him. A petition was filed in the Circuit court of Cook county and on April 20, 1944, there was a hearing and a finding that defendant was of unsound mind and incapable of managing and caring for his property; that he was dangerous to himself and others if permitted to go at large and he was committed to the care and custody of the Department of Public Welfare of the State of Illinois at Manteno State Hospital, where he remained until May 8, 1944, when he was discharged to plaintiff, his wife. The certificate of discharge showed that defendant was then "Without mental illness." Eight days later plaintiff filed her complaint for divorce.

There is further evidence for and against the charges of cruelty made in the complaint, but since we have reached the conclusion that there must be a retrial, we refrain from discussing it for we are of opinion that the record discloses there was much confusion in the trial of the case.

Counsel for defendant say that: "plaintiff failed to prove that defendant was guilty of extreme and repeated cruelty so as to entitle her to a divorce, and that the decree was correct and should be affirmed."

■■ Although the point is not made by counsel for either party, that part of the decree which awards the custody of the children to plaintiff is void and of no effect, the court having dismissed her suit for divorce. Sec. 18 [par. 19], ch. 40, Ill. Rev. Stats. 1945 [Jones Ill. Stats. Ann. 109.186]. *Thomas v. Thomas,* 250 Ill. 354; *Kelley v. Kelley,* 317 Ill. 104; *Anderson v. Anderson,* 380 Ill. 435. So also is the provision in the

decree void, which orders that the property held in joint tenancy be sold, Sec. 17 [par. 18], ch. 40, Ill. Rev. Stats. 1945 [Jones Ill. Stats. Ann. 109.185].

■ The decree of the Superior court of Cook county is reversed and the cause remanded for a new trial.

*Reversed and remanded with direction.*