Evelyn S. Jones, Plaintiff-Appellee, v. J. Edward Jones, Defendant-Appellant.

Gen. No. 48,736.

First District, Third Division.

January 30, 1963.

217

Edward P. Fisher, for defendant, and J. Edward Jones, pro se, of Chicago.

Bernard B. Brody, of Chicago (Gerald Lee Turek, of counsel), for plaintiff.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

A default divorce decree against the defendant was entered in this case after notice by publication. The prayer for alimony and for support of the two minor daughters of the parties was reserved until personal service was had on the defendant. Later he was personally served and a temporary order was entered for him to pay $50 a week for support of the children. He did not comply, was found guilty of contempt and was ordered confined to the County Jail.

The defendant appeals from the contempt finding, the commitment order and from the refusal of the court to vacate the divorce decree. The principal contentions are that the service obtained by publication was fraudulent, that the court did not have jurisdiction over him or the case, that the decree and all orders entered subsequent to it are void, and that the court erred in denying a motion for a change of venue.

The marital trouble of the Joneses has come to the attention of this court on other occasions. One of these was a divorce suit commenced by the present plaintiff in 1956 on the ground of cruelty. The defendant counterclaimed on the ground of desertion. The trial court dismissed both the complaint and countercomplaint for want of equity. The defendant appealed.

He had informed the trial court and in his appeal advised this court that he did not want a divorce. His objection to the dismissal of his counterclaim for want of equity was that it would be res judicata of the other relief prayed for in his complaint: custody of the children and certain alleged rights in the property of his wife. This court affirmed the dismissal of the complaint but reversed the dismissal of the counterclaim in order to preserve the defendant's right to prosecute his prayer for other relief. The cause was remanded with directions that the defendant be allowed to delete his prayer for divorce and that "the cause then proceed to hearing on such amended cross-complaint." Jones v. Jones, 26 Ill App

2d 484, 168 NE2d 783 (1960). The mandate of this court was filed in 1960 but the defendant did not exercise the privilege granted him.

In the instant case the plaintiff's complaint charged the defendant with extreme and repeated cruelty and with having deserted her and their two daughters. The complaint described the defendant as a self-employed lawyer, possessing "various holdings of real estate held in his name or in various trusts . . ." and with income in excess of $15,000 a year.

On the date the plaintiff filed her complaint she also filed an affidavit asserting that upon diligent inquiry the defendant's place of residence could not be ascertained. The summons gave no address for service and the sheriff's return, of the same date, was that the defendant was not found. Notice of the suit was published and a copy of the publication notice was mailed to the last known address of the defendant as set forth in the affidavit of non-residence. The defendant neither appeared nor answered and a default was taken.

At the default hearing the plaintiff testified that her husband was not practicing his profession, that she had searched for but had not found him, that the address given in her affidavit was the last one he had used on his correspondence, that he no longer lived there and that he could not be traced through the post office.

The divorce decree was entered on June 30, 1961. Within 30 days the defendant, pro se, entered a special appearance and filed a petition to vacate the decree. His petition charged that the decree was based on perjury and it challenged the jurisdiction of the court over his person and the case. It asserted that his wife knew where he was living because of letters he had written to his daughters which bore his return address, because she had been informed of his address by his brother and because her own brother, who

222

was her agent, had communicated with him there. The challenge to the court's jurisdiction of the case was grounded on the fact that the complaint was filed contrary to the provisions of the so-called "cooling off" law, Ill Rev Stats (1959), c 40, §§ 7b, 7c.

As he stepped from the courtroom after filing his petition to vacate, he was served with a petition for alimony and child support and with a summons.

The defendant's petition to vacate was assigned to the judge who entered the decree, but the plaintiff's petition for alimony and child support came before the judge hearing divorce motions. Because of this, and because of the natural division of the case into these two parts, we will treat each part separately beginning with the one which culminated first: the petition for alimony and child support.

This petition came on for hearing on August 1, 1961. The defendant again appeared pro se and again objected to the court's jurisdiction over his person. The court's order noted this, gave him three days to answer the petition or to plead and set the hearing for August 8th. He chose to plead and on August 4th filed three pleas in abatement, a petition praying that the plaintiff be required to answer the pleas, and a petition asking for the dismissal of the plaintiff's petition. The first of the pleas of abatement repeated the points made in his motion to vacate the decree as to the court's jurisdiction over his person and prayed that the service of summons be held void. It also quoted 14 paragraphs from his answer in the prior divorce case, noted that the trial court had found in his favor on the issues raised in the answer, that the Appellate Court had affirmed this finding, and then made the following declaration about the prior decree: ". . . said decree is in full force and effect, and should put an end to the litigation herein." The second plea in abatement questioned that portion of the decree which gave custody of the children to his wife, the contention

223

being made that this same issue and the issue of support were pending in the previous divorce suit because of the remandment by the Appellate Court. Jones v. Jones, 26 Ill App2d 484, 168 NE2d 783. The third plea elaborated on his objections to the court's jurisdiction of the case because of purported violations of the "cooling off" provisions of the Divorce Act.

On September 8, 1961, the petitions and pleas were assigned to the judge from whom this appeal is taken. On September 13th the court held that it had jurisdiction of the plaintiff's petition and entered a temporary order, effective as of August 1, 1961, for the defendant to pay $50 a week for the support of the children. No alimony order was entered. The pleas in abatement were referred to a master.

On September 21st the plaintiff petitioned for a rule to show cause alleging that the defendant was $350 in arrears. The rule was entered, made returnable September 25th and the defendant was given three days to answer or plead. On September 25th the defendant, still appearing pro se, objected that the notice he received was improper. The rule was then continued to September 27th and made returnable instanter on that day. The case was set especially for 9 a. m. The defendant served notice that he would appear on the 27th to object to the court's jurisdiction over his person and to move that the order for support and the rule to show cause be vacated.

On September 27th the defendant objected to the hearing taking place because an attorney he had retained was engaged elsewhere. The court noted that the attorney's appearance was not on file, that the defendant had been appearing pro se, that the hearing had been especially set and stated that it would proceed. It ordered the witnesses sworn and heard their testimony.

The defendant testified that he had not made the support payments because he considered the order

void; that his motion to vacate the divorce decree had not been passed upon and that he would stand on the jurisdictional issue.

The court stated that its only concern was the children. It pointed out that the support order was temporary, that temporary alimony was not being given the wife, that the defense raised was between the defendant and the plaintiff and had nothing to do with the defendant's duty to support his children. The court found the defendant in willful contempt and said that although it did not want to put a lawyer in jail it would have to do so to compel support of the children. The defendant was committed to the County Jail until there was compliance with the order.

■ We find no merit in the defendant's many contentions pertaining to the order for support and the finding of contempt. The service of the petition and summons upon him was not illegal because it was made in a corridor adjacent to a courtroom. The fact that he came to court to contest an alleged void decree is immaterial. He was not, as he asserts, lured into court for the purpose of securing service. No artifice was used and there was no entrapment. He appeared voluntarily to file his motion to vacate the decree and thus placed himself in a position where service could be had.

■ ■ If he were able to divide his dual role of litigant and attorney it would make no difference. He cannot claim immunity from process in either capacity. Under the common law parties to a law suit were privileged from arrest while attending court or going to or from court (Greer v. Young, 120 Ill 184, 11 NE 167) but they had no immunity from the service of civil process, and no present statute grants them immunity from either arrest or the service of process. Attorneys are privileged from arrest while attending court and while going to and returning from court

(Ill Rev Stats (1961), c 13, § 9) but no statute makes them immune from the service of civil process.

The fact that he said he was appearing specially to question the court's jurisdiction over his person did not deprive the court of jurisdiction over him for the purpose of hearing the petition. A divorce decree had been entered. It was not void upon its face and every presumption upheld its validity. Although it was a default decree, the presumption maintained that the judge who entered it was satisfied that all proper means had been taken to notify the defendant of the pendency of the suit. Ill Rev Stats (1959), c 40, § 9. For a court to enter an order for child support it must first obtain in personam jurisdiction over the defendant. Often, especially in cases of desertion, such jurisdiction cannot be had. If jurisdiction of the defendant has been secured by publication the proceeding is in rem and the court may enter a decree for divorce and reserve the question of child support until such time as personal service is obtained. But whether the question of support is reserved or not, this post-decretal relief may be sought at any time upon in personam jurisdiction being had. For this purpose the statute specifically provides that jurisdiction of the person of the defendant may be obtained by the service of summons or proper notice. Ill Rev Stats (1959) c 40, § 19. In the present case the defendant was served with summons, with a petition for child support and with notice that the petition would be set for hearing on August 1st. The statute was fully complied with.

Moreover, by his various pleas and petitions the defendant waived jurisdiction over his person. Section 20(1) of the Civil Practice Act provides:

"Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the

226

jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." Ill Rev Stats (1961), c 110, § 20(1).

The defendant did more than object to the jurisdiction of the court over his person and by doing so his appearance became general.

 In the first of his pleas in abatement there was incorporated a plea in bar and what was equivalent to a motion to dismiss under the Civil Practice Act. He contended that the decree in the prior suit was ". . . in full force and effect, and should put an end to the litigation herein." Section 48(1) of the Practice Act provides that the "Defendant may . . . file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. . . . (d) That the cause of action is barred by a prior judgment." The Civil Practice Act permits defenses in abatement and bar to be pleaded together (section 43(3)) but by pleading that the present action was barred by the previous one, the defendant recognized that the case was in court and asked the court to exercise jurisdiction over it. A party cannot "by his voluntary action, invite the court to exercise its jurisdiction and at the same time deny that jurisdiction exists." Supreme Hive Ladies of Maccabees v. Harrington, 227 Ill 511, 81 NE 533.

 The second plea in abatement was directed solely to the issue of the care and custody of the children and it was asserted therein that the same issue was then pending in the prior case. This plea was equivalent to a motion for dismissal under subparagraph (c) of section 48: "(c) That there is another action pending between the same parties for

the same cause." By this plea and motion the defendant also submitted himself to the jurisdiction of the court. People for the use of White v. White, 263 Ill App 425.

In the third plea in abatement the defendant questioned the court's jurisdiction over the case. He thereby called upon the court to exercise its jurisdiction and once again he submitted himself to its jurisdiction. Lord v. Hubert, 12 Ill2d 83, 145 NE2d 77. An appearance to deny the jurisdiction of the court over the subject matter is a general appearance. Riedel Glass Works, Inc. v. Keegan, 43 F Supp 153; Hale v. Campbell, 40 F Supp 584.

It is further argued that the question concerning the custody of the children was pending in the prior litigation, that attention was called to this by the defendant's second plea in abatement, that this plea was not ruled upon and, therefore, the court was without jurisdiction to hear the petition for child support. In remanding the prior case, the Appellate Court gave the defendant the privilege of amending his counterclaim and proceeding with the remaining issues. The defendant did not avail himself of this privilege. The defendant could neither prevent a hearing on the question of child support because of his failure to prosecute his prior counterclaim, nor could he delay a hearing and thus evade his obligation to support his children, until such time as it pleased him to proceed. Furthermore, if he did proceed and under the mandate of this court withdrew his prayer for divorce, it is doubtful whether the issue of child custody could be tried. The plaintiff's complaint for divorce had been dismissed, and if the defendant deleted his prayer for divorce there would be no such issue left in the case, and there could be no divorce decree. In this situation the court would be without power to determine the custody of the children. Ollman

v. Ollman, 396 Ill 176, 71 NE2d 50; Luczynski v. Luczynski, 327 Ill App 548, 64 NE2d 385.

■ Constitutional questions are also urged by the defendant. But by taking his appeal to this court the defendant waived these questions. The rule is, ". . . that if an appeal to the Appellate Court contains issues over which the court has jurisdiction and others which are not within its jurisdiction, the latter are considered waived." People v. Cosper, 5 Ill2d 97, 125 NE2d 60; Village of Maywood v. Weglarz, 24 Ill App2d 495, 165 NE2d 362.

■ The defendant's final contention is that the court erred in overruling his objection to the contempt hearing on the ground that his attorney was engaged. Under the circumstances the court's ruling was completely justified.

■ The order of the trial court that the defendant pay for the support of his minor daughters was not a void order and hence the contempt finding and the commitment order are not void.

■ We now come to the petition to vacate the divorce decree. It had been pending before the judge who entered the decree but he transferred it for reassignment. It was then assigned, on October 26, 1961, to the judge who had heard the petition for child support. The motion to vacate came before the court on November 10th. It was set for hearing on November 16th and an order was entered on the sheriff to produce the defendant, who was confined in jail under the commitment for contempt.

The defendant served notice on November 13th that he would present a petition for a change of venue and on November 16th he did so. His petition alleged that he had been incarcerated since September 27th and that the prejudice of the trial judge came to his knowledge on November 10th. When the petition was presented the court asked, "When did you serve notice?"

The response was, "It was served on the date it was mailed."

The court commented: "It was mailed on the 13th, apparently. Your application is denied. Let us go ahead."

From this exchange it must be inferred that the petition was denied because the court was of the opinion that insufficient notice was given the plaintiff. The plaintiff raised no objection, and no other explanation for its denial appears of record. If this was the reason, the court was in error. The statute provides that the party applying for a change of venue shall give the opposite party ten days notice of his intention ". . . except where the causes have arisen or come to the knowledge of the applicant within less than ten days before the making of the application." Ill Rev Stats (1961) c 146, § 6. The defendant's petition stated that the cause for his request had come to his knowledge just three days before his notice and six days before the application. His petition was filed in apt time.

The plaintiff argues on appeal that the court correctly denied the petition because it came too late in the case, that the child support hearing was an integral part of the whole proceeding, that the court had ruled against the jurisdictional objections of the defendant and that the venue petition was just an attempt to avoid another adverse ruling. If this was the reason for the court's ruling it was also error. The timeliness of a motion for a change of venue depends upon the stage of the proceedings in which it is presented. The petition must be offered at the earliest practical moment and if filed after a hearing has commenced on the merits of the case it will be denied on the ground that it is filed too late. The purpose of this is to prevent a party from ascertaining the attitude of a judge on the issues of a cause

230

and then asserting the prejudice of a judge if his views are not in accord with those of the party. People v. Chambers, 9 Ill2d 83, 136 NE2d 812.

The issues at the child support hearing were whether the defendant should support his children and the amount he should pay. A preliminary point was whether the court had jurisdiction of the defendant for the purpose of the hearing. In ruling upon these matters the court did not pass upon the issues raised in the motion to vacate or in the pleas in abatement. Particularly, in determining that it had jurisdiction over the defendant the court did not decide, and did not have to decide, if the court which entered the divorce decree had properly acquired jurisdiction over him by publication. The court had to presume that the decree was valid and further, as we have pointed out, the defendant by his motions and pleas submitted to the court's jurisdiction.

The two parts of the case were independent of each other in assignment, in sequence and in the issues involved. The distinction was understood by both parties and was emphasized by the court at the contempt hearing. The defendant protested that the court was proceeding without his petition to vacate having been acted upon and that he would stand upon the jurisdictional issue raised in that petition. The court stated that the issues raised by the petition to vacate were between the plaintiff and the defendant and that his only concern was seeing that the children were supported. In entering an order for support and in holding the defendant in contempt the court did not adjudicate any substantive issue in the petition to vacate. Lionel Corp. v. Central Appliance & Furniture Co., Inc., 3 Ill App2d 460, 122 NE2d 832; Jackson v. Jackson, 294 Ill App 508, 14 NE2d 276.

 The defendant's petition for a change of venue was presented at the earliest practical moment

231

and before the court had ruled on any matter going to the merits of the petition to vacate. The court erred in denying the change of venue and all proceedings subsequent thereto are void. Talbot v. Stanton, 327 Ill App 491, 64 NE2d 388.

The order for child support, the finding of contempt and the commitment for contempt are affirmed. The order denying the change of venue is reversed; the cause is remanded with directions to grant the petition for a change of venue and to vacate all orders relating to the petition to vacate the divorce decree entered on November 16, 1961, or thereafter.

Affirmed in part, reversed in part, and cause remanded with directions.

SCHWARTZ and McCORMICK, JJ., concur.