BRUCE HARRIS, as Next Friend and Guardian of Rachel Harris, a Minor, Plaintiff-Appellee, v. WALLY'S WORLD OF FUN, LTD., *et al.*, Defendants (Michael A. Schiessle, Defendant-Appellant).

First District (3rd Division)   No. 1—95—0178

Opinion filed April 10, 1996.

62

Wilson & McIlvaine, of Chicago (Michael F. Csar and Timothy S. Harris, of counsel), for appellant.

Maloney & Craven, P.C., of Des Plaines (E. William Maloney, Jr., of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

Defendant Michael H. Schiessle appeals from the entry of default judgment in favor of plaintiff, Bruce Harris, as next friend and guardian of Rachel Harris, a minor. Defendant argues that the trial court erred in not quashing the summons served by substitute service, in finding that defendant's filing of a motion for a protective order was a general appearance, and in entering a money judgment without proof of damages. We reverse and remand.

The issue in this case is whether a defendant, who has filed a special appearance and motion to quash service of summons, waives objection to the jurisdiction of the court when he makes a motion for

a protective order to prohibit plaintiff from attempting to serve defendant during a hearing on the motion to quash.

Plaintiff filed a personal injury complaint on April 30, 1993, a first amended complaint on June 3, 1993, and a third amended complaint on January 21, 1994. Michael Schiessle was a defendant to counts I and IV. Count I for negligence was based on a go-cart accident in which plaintiff's 13-year-old daughter was injured.

An affidavit of a special process server swore that Schiessle was served with a summons and complaint by leaving a copy of each at his home with Schiessle's wife on July 25, 1993.

On September 9, 1993, Schiessle filed a special and limited appearance. Schiessle swore in an affidavit that he had not been served and had not lived with his wife during any period subsequent to the date of the alleged injuries.

On September 30, 1993, plaintiff moved for an order of default and judgment against defendant Schiessle based on his failure to appear or to respond.

On December 3, 1993, Schiessle moved to quash summons and service on the basis that he did not reside with his wife when substitute service was effected.

On January 20, 1994, the trial court continued the motion to quash to March 10, 1994, and ordered that Schiessle be present.

On February 22, 1994, Schiessle filed a motion for the entry of a protective order to prohibit plaintiff from attempting to serve Schiessle during the hearing on the motion to quash. Schiessle alleged that plaintiff sent to defendant's attorney a notice to appear, that Schiessle's counsel requested assurance from plaintiff's attorney that he would not attempt to serve Schiessle with process during the March hearing, and that plaintiff's attorney refused to grant that assurance.

The trial court denied the motion for a protective order, denied the motion to quash, and found that the motion for a protective order waived any objections to the personal jurisdiction of the court. Schiessle filed a motion for reconsideration, and it was denied.

On August 8, 1994, plaintiff filed a motion for default and judgment against Schiessle based on his failure to answer or otherwise plead.

Schiessle was found in default on August 12, 1994. Judgment was entered in favor of plaintiff against Schiessle in the amount of $30,000 plus costs on counts I and IV of the third amended complaint. Schiessle was not present at the hearing.

On November 30, 1994, the trial court found that there was no just reason for delay or enforcement of the order entered on August 12, 1994. Schiessle was not present at the hearing.

On February 3, 1995, Schiessle's motion for leave to file an appeal pursuant to Supreme Court Rule 303(d) (134 Ill. 2d R. 303(d)) was granted by this court.

Defendant first argues on appeal that the trial court should have quashed the summons because plaintiff did not file counteraffidavits or other evidence in opposition. Plaintiff also argues that the trial court erred in finding that defendant's motion for a protective order was a general appearance.

■ Section 2—301 of the Illinois Code of Civil Procedure permits special appearances to be made to contest personal jurisdiction over a defendant. 735 ILCS 5/2—301 (West 1992). A special appearance is waived when a defendant makes a motion or takes any other step that the court would have no power to dispose of without jurisdiction of his person. *Greene v. Board of Election Commissioners*, 112 Ill. App. 3d 862, 868, 445 N.E.2d 1337 (1983). Any action taken by a party that invokes the court's power to adjudicate an issue is deemed to be a submission to jurisdiction of the court. *Greene*, 112 Ill. App. 3d at 868.

■ Supreme Court Rule 201(l) permits discovery on the issues raised in a special appearance. 134 Ill. 2d R. 201(l). Supreme Court Rule 201(c)(1) permits a protective order to be made "as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression." 134 Ill. 2d R. 201(c)(1).

One case has interpreted Supreme Court Rule 201(c)(1) to permit a trial court to prevent a plaintiff from attempting to serve, during a Supreme Court Rule 201(l) deposition, a defendant who filed a special appearance contesting jurisdiction. *In re Marriage of Falstad*, 152 Ill. App. 3d 648, 654-55, 504 N.E.2d 908 (1987). In *Falstad*, petitioner attempted to serve respondent by substitute service with a dissolution of marriage petition. Respondent filed a special and limited appearance to contest the validity of the service. Petitioner filed a notice of deposition pursuant to Supreme Court Rule 201(l). Respondent refused to comply with the notice, arguing that if he appeared for a deposition, then petitioner would use that opportunity to serve him personally.

The *Falstad* court noted that Supreme Court Rule 201(l) had never been construed by a court. *Falstad*, 152 Ill. App. 3d at 652. The court noted the committee comments that paragraph l was added to negate any possible inference that participation in discovery proceedings after making a special appearance to contest personal jurisdiction constituted a general appearance. *Falstad*, 152 Ill. App. 3d at 652. The court agreed with the trial court's concern that discovery

not be used as a form of harassment or as a guise to accomplish service indirectly when it could not be done directly. *Falstad*, 152 Ill. App. 3d at 654. The court held that the trial court could have entered a protective order to answer that concern while fostering the purposes underlying discovery. *Falstad*, 152 Ill. App. 3d at 654. The court found that the trial court could have issued such orders that were necessary and reasonable to protect the defending party against misuse of discovery. *Falstad*, 152 Ill. App. 3d at 654.

*Falstad* is authority permitting a defendant who filed a special appearance to request an order prohibiting plaintiff from attempting service during a deposition on the issue of jurisdiction. Although *Falstad* did not directly address the issue whether a party who sought such a protective order would thereby be making a general appearance, it can be inferred that the court did not consider that the party's motion would be a general appearance from the court's statement that a party could move for such relief.

Schiessle's request for a protective order was made by necessity in the form of a motion. Not all motions are submissions to the jurisdiction of the court. For example, a defendant must move the court to quash service, but such a motion is not deemed to waive a special appearance.

■ A defendant who has filed a special appearance may be served in a courthouse after he has stepped from a courtroom. *Jones v. Jones*, 40 Ill. App. 2d 217, 225, 189 N.E.2d 33 (1963). The type of protective order sought by Schiessle would shelter a defendant from an attempt at service of process. Without such relief, a plaintiff could prevent the trial court from ever ruling on the merits of a motion to quash simply by setting up a deposition pursuant to Supreme Court Rule 201(l) and serving the deponent. A plaintiff's ability to serve a defendant during such a deposition or during a court hearing would render meaningless the function of Supreme Court Rule 201(l). We find that the motion for a protective order was related to the issue of personal jurisdiction and did not waive defendant's objection to jurisdiction.

Plaintiff argues that defendant waived the issue of the motion to quash by arguing on appeal the impropriety of the default judgment. Plaintiff cites *Sansonetti v. Archer Laundry, Inc.*, 44 Ill. App. 3d 789, 358 N.E.2d 1142 (1976), in which plaintiff contended that the trial court erred in denying his petition for change of venue and that subsequent orders were void. However, the plaintiff in *Sansonetti* on appeal requested in oral argument and in his brief that the appellate court proceed to rule on the propriety of the trial court's decision awarding defendants summary judgment. *Sansonetti*, 44 Ill. App. 3d at 798. The court held that this request for ruling on the issue of

summary judgment was a waiver of the error relating to venue. *Sansonetti*, 44 Ill. App. 3d at 798.

■ In this case before us, the defendant has appealed from the trial court's orders denying his motion to quash summons and the subsequent final judgment entered against him. We do not believe that the defendant has waived the issue of the trial court's lack of jurisdiction in his appeal to this court. While it is true that the defendant could have waived the issue in the trial court if he had contested the judgment entered against him, he chose not to do so. He properly reserved this issue for decision in this court. We hold that a defendant, who has filed a special and limited appearance and contested the jurisdiction of the trial court, may request on appeal that the court order that the summons be quashed and that the noncontested judgment be vacated, without waiving the lack of jurisdiction issue.

The orders finding that defendant had generally appeared and entering a default judgment against defendant are reversed, and the cause is remanded.

The issue whether the default judgment was proper need not be addressed because we have held that the motion for a protective order was not a general appearance, and therefore there was no jurisdiction over defendant that would permit a default judgment.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

RIZZI, P.J., and TULLY, J., concur.